## STEPHEN S. KEYES v. JESSE PRESCOTT.

### Joinder of trespass and trover.

A count in trespass for cutting down and carrying away a tree from the plaintiff's land, which commences like a count in trespass *qu. cl. fr.*, but concludes with an allegation that the trespass is "contrary to the statute in such case made and provided, whereby the plaintiff is entitled to recover of the defendant treble the aforesaid value of said tree, &c.," will be construed to be a count for the penalty prescribed by the statute, (Comp. Stat., sec. 32, p. 550,) and not a count in trespass at common law.

It is not competent for the county court to allow an additional count in trover for the tree to be filed to such a count upon the statute, either at common law, or by virtue of the statute (Acts of 1856, p. 13,) which allows the joinder of counts in trespass and trover, if for the same cause of action.

*Quere*, whether if the original count were simply for trespass *qu. cl. fr.*, the new count in trover could be added? BENNETT, J.

The original declaration in this cause was entered at the June Term, 1857, of the Franklin county court, and was as follows:

"In a plea of trespass for that the defendant on the first day of April, 1857, with force and arms, at said Highgate, broke and entered the plaintiff's close" (describing it) "and then and there cut down and carried away one pine tree then standing and growing upon said close, to the value of fifty-six dollars, and converted the same to his own use, against the peace, and contrary to the force of the statute in such case made and provided, whereby, and by force of the statute in such case made and provided, the plaintiff is entitled to recover of the defendant treble the aforesaid value of said tree, amounting in the whole to the sum of one hundred sixty-eight dollars, all which is to the damage, &c., &c."

At the December Term, 1857, the plaintiff asked and obtained leave of the court to file additional counts in trover for the same cause of action, and at the following term filed a count in trover for one pine tree severed from the freehold. The defendant moved to dismiss this additional count, because it was not for the same cause of action, but the court overruled the motion, to which the defendant excepted. .

*W  W. White* and *L. E. Pelton*, for the defendant.

*H. S. Royce*, for the plaintiff.

BENNETT, J. The only question which it becomes necessary for this court to consider on this bill of exceptions is in relation to the decision of the county court on the motion of the defendant to dismiss the new count, filed at the December Term, 1857, in trover; and in disposing of this question, it is necessary in the first place to examine the count in the original declaration. The 32 sec. of chap. 104, page 550, of the Compiled Statutes, provides that *treble* damages may be recovered in an action founded on the statute against a person who shall cut down, destroy, or carry away any tree from the land of another, without leave or license from the owner, unless it was done through mistake, or he had good reason to suppose the land where the tree was cut was his own.

The court are all agreed that if the count in the original declaration is to be treated as a penal action founded upon this section of the statute, the amended count should have been dismissed, and a majority of the court think the count should be so considered. It is true, the commencement of the count is in the appropriate form of a declaration in trespass upon the freehold, yet this is well enough, especially upon the general issue, although the pleader intends to go upon the statute and claim treble damages. To give a right of action founded upon the statute, the trees cut down, destroyed, or carried away, must be standing, lying or growing on the land of the plaintiff, and the entry upon the lands of the plaintiff for such unlawful purpose necessarily constitutes a breaking of the plaintiff's close. The count there alleges the cutting down and carrying away the trees standing and growing upon the plaintiff's close of a given value, and then concludes " against the peace and contrary to the statute in such case made and provided, *whereby and by force of the statute in such case made and provided, the plaintiff is entitled to recover of the defendant treble the value of said tree, amounting in the whole to the sum of, &c.*" The statute in this declaration is *counted upon* by the pleader in the usual way, by an *express reference to it*, not only by declaring the transaction to be against the form of the statute in such case made and provided, but it proceeds to add, as a con-

clusion this, to wit: "whereby and by force of the statute in such case made and provided 'the plaintiff is entitled to recover treble value of the tree," showing clearly that the pleader goes for the penalty.  If the facts are stated which bring a case within a statute, this is what is called *pleading a statute*, although no mention or notice is taken of the statute; but counting upon a statute, as is done in this case, is by way of an express reference to it.  It was not necessary in this case to recite the statute. Counting upon it was all that was necessary to entitle the party to the penalty.

The question now before us is not whether this declaration would be held good upon a demurrer as a declaration upon the statute, but how was this declaration justly treated by the pleader? and of this we think there can be little or no doubt.  It is true, the transaction, to give *the penalty*, must be without the leave or license of the owner of the land; but this I apprehend is implied in the allegation, that the trespass was with force and arms and contrary to the force of the statute in such case made and provided; and if a license was in fact given to take the tree, the averment of it should, I apprehend, come from the other side. We think then it was not competent for the county court to allow account in trover to be filed by way of amendment either upon common law principles or under the recent statute in this State passed in 1856, which declares that counts in trespass and trespass on the case, including trover, may be joined in the same declaration, where both are for the same cause of action.

Treating the original count as being on the statute, and going for *treble damages*, it is clear the two counts cannot be for the same original cause of action, and for one I should not be prepared at this time to treat the count in trover as being for the same cause of action as the one disclosed in the first count, even if that was simply to be treated as a declaration for breaking and entering the plaintiff's close.  The *gravamen* of the causes of action are not the same; one is local and the other is transitory.  A different rule of damages might be adopted in the two cases and a different rule as to costs, and they would not be supported by the same proof; but it is not necessary to discuss this point, and much less to decide it.

The result is, that we think the county court erred in not dismissing the amended·count, and the judgment of the county court is reversed, and judgment rendered that the count in trover be dismissed, and the cause is remanded to the county court to be tried on the original count.