GEORGE ALGER v. ANDREW CURRY.

*Taxes. Pleadings. Statute.*

By the provisions of the General Statutes, §§ 66–7, ch. 84, taxes voted at an annual March meeting of any town must be assessed upon the list of the May following; therefore where a tax was voted at the annual town meeting holden in March, 1863, and by the same vote the selectmen were directed to assess the tax upon the grand list of 1862, and it was so assessed, it was held invalid.

When counts in trespass and trover for the same cause of action are joined, the declaration need not contain a special allegation that they are for the same cause of action.

ACTION OF TORT, to recover the value of a horse and a halter. The declaration contained counts in trespass and trover. Plea, the general issue, with notice of special matter of defence. Trial by jury, April Term, 1865, PIERPOINT, J., presiding.

The plaintiff's title, and the taking of the property by the defendant, were admitted.

The defendant claimed in justification that he took the property as constable of the town of Hinesburgh for the purpose of satisfying a lawful town tax, &c., and introduced in evidence the records of the

warnings and proceedings of the annual town meetings of said town, holden on the 28th of August, 1862, and on the 3d of March, 1863. Under the 2d article in the warning of the meeting of August 28th, 1862, it was " *Resolved,* by the legal voters of the town of Hinesburgh in town meeting assembled, *that our selectmen be directed to levy and collect a tax of ninety per cent. on the grand list of 1862 for the purpose of paying the quota of fifty men, due from this town under the recent order from the governor,* (which are due at this date.) Those that have enlisted or may hereafter enlist to fill up our quota for three years, the sum of $50., and those that enlist for nine months the sum of $40., when they are mustered into service. The balance of this tax to be collected and paid in by the first day of June, 1863, for the purpose of paying the balance due said volunteers, viz : $50. each to the nine months men, to be paid $10. monthly after the expiration of four months, making in all to the nine months men $90., and $40. to the three years men when they are discharged from service ; making in all to the three years men $90."

The 10th and 11th articles of the warning of the meeting of March 3d, 1863, read as follows : " 10th. To see if the town will vote to ratify and confirm the action of the town taken August 28th, 1862, assessing a tax of ninety per cent. on the grand list of that year for soldiers' bounty, agreeable to an act of the legislature approved October 29th, 1862.

11th. To see if the town will vote a tax to pay any indebtedness the selectmen may have contracted in payment of soldiers' bounty."

Under article 10 it was resolved, " That the town will confirm the vote of the town made in town meeting on the 28th day of August, 1862, *so far as to make binding* so much of the ninety per cent. tax voted at that time as will pay the three years men the full sum of $100. for their term of service, and the nine months men $40. each for their term of service." Under article 11 it was voted to direct the selectmen to assess a tax of forty-two per cent. on the grand list of 1862, to pay the indebtedness contracted by the selectmen to pay soldiers' bounties, $500. of said tax to be collected and paid into the hands of F. W. Baldwin by the 1st day of June next, to be by him invested and paid to the three years' recruits on their return, * * * or, in other words, such per cent. on the grand

list of said year as may be necessary to cancel said indebtedness not otherwise provided for by the vote of the town, adopting said resolution, under article No. 10.

It was conceded that the plaintiff was not entitled to recover for the horse if the vote of the meeting of March 3d, and the proceedings under that vote, and previous and subsequent proceedings, as hereinafter stated, were legal.

Against the objection of the defendant, the plaintiff was permitted to introduce testimony tending to show that at the time of the passage of the vote of August 28th, 1862, there were in the United States service a sufficient number of soldiers, some under an enlistment for three years, and some for nine months, who had been credited to the quotas of said town of Hinesburgh under the previous calls by the president for volunteers, to exhaust the amount directed by that vote to be raised, if paid the amount and in the manner specified in said vote ; that after the passage of said vote, and after some of the money authorized by it to be raised had been collected by the constable,—" it was determined by the town authorities that as the legislature had voted the $7. per month additional pay allowed other troops, to the nine months men, the town would not pay to them the last instalment of $50. provided for in the resolution of August 28th, 1862."

It appeared that at the time of the meeting of March 3d, 1863, all bounties then due, and all money that had been borrowed to pay bounties, had been paid out of the proceeds of the ninety per cent. tax voted August 28th, 1862, leaving a trifling balance in the hands of the town ; and nothing more to be paid in the way of bounties except the instalment due the three years men at the expiration of their term of service, which would fall due in about three years from August, 1862. It further appeared that the defendant, in the collection of the tax of March, 1863, under direction of the town authorities, proceeded to collect of those persons named in the rate bill who had not paid as much as forty-two per cent. of the ninety per cent. tax of August, 1862, enough to make up that amount, and to repay out of the money so collected to those who had paid more than that amount the surplus as shown by the figures on said rate bill.

In respect to the halter, it appeared that it was on the horse when distrained, and the defendant led·the horse away with it, and returned it after the horse was sold, but the plaintiff refused to receive it back.

The defendant requested the court to charge the jury that upon the facts which the testimony tended to prove, and which were conceded as above stated, the plaintiff was not entitled to recover either for the horse or the halter; but the court refused so to charge, and directed a verdict for the plaintiff for the sum realized by the defendant on sale of the horse—the plaintiff having procured him to be bought for his benefit—and for the value of the halter, to be rendered for each article separately; whereupon the jury rendered a verdict in favor of the plaintiff, on the count for the horse for the sum of $73., and on the count for the halter, 98 cents.

The defendant moved in arrest of judgment for the insufficiency of the declaration, in that it contained counts in trespass and trover, without an averment that they were for the same cause of action, which motion was overruled. To all which rulings, decisions, and refusals of the court, the defendant excepted.

*E. R. Hard,* for the defendant.

*E. J. Phelps,* for the plaintiff.

The opinion of the court was delivered by

STEELE, J. The first issue is upon the validity of the tax. At the annual town meeting holden March 3d, 1863, this tax was voted. By the same vote the selectmen were directed to assess the tax upon the grand list of 1862. It was so assessed. The bill and warrant upon the tax so assessed constitute the process upon which the defendant acted.

The statute—Gen. Stat. ch. 84, §§ 66-7—provides that "all taxes voted at the annual March meeting of any town shall be assessed upon the grand list to be completed for that purpose on the 15th of May following," and all other town taxes voted before the next March meeting, as well as the highway, school district and village taxes shall be assessed upon said list. The terms of the statute could not well be more comprehensive, explicit or imperative. This tax was not assessed upon the list of the May following, but upon

the list of the preceding year, and was therefore unwarranted by law and invalid.

It is urged that the proceedings of the town meeting of March, 1863, under article 11 of the warning, are to be construed with the proceedings under article 10, and amount to a vote to legalize forty-two per cent. of the tax of 1862, and not to a vote to authorize a new tax. But such a construction would not help the defendant, because he distrained the property by virtue of a new tax bill and warrant, founded upon a new tax, and, if the vote was merely to legalize an old tax, this new tax and the proceedings thereon were not authorized by any vote at all.

Whether the tax voted in August, 1862, was lawful at the outset, and, if not, whether it could be made so by a subsequent vote of the town, under the act of 1862, and whether the other objections to the justification are well founded, are questions not necessarily involved in a determination of this case, and are not decided.

The taking of the horse being a trespass there can be left no doubt but the taking of the halter to lead him away was equally unlawful.

The defendant moves in arrest of judgment because counts in trespass and trover are joined. The statute provides that they may be joined " if for the same cause of action." No question is made but they were for the same cause of action. The declaration contains no special allegation that such is the case, but it has not been the practice under this statute to require such an averment. The motion was properly overruled.

The judgment of the county court is affirmed.