HON. ASAHEL PECK, ⎱
HON. HOYT H. WHEELER, ⎰ ASSISTANT JUDGES.
HON. JONATHAN ROSS,

---

## STANDISH W. CAPRON v. JOHN RAISTRICK.

### *School District. Tax. Evidence. Grand List.*

Where a school-district in October voted to raise money to defray the expenses of a school-house, and without having proceeded to raise the money, subsequently, on the 29th day of March following, voted to raise three hundred cents on the dollar, for the same purpose, *held* that the latter vote superseded the former, and thereby became the only vote upon which a tax could be made out, and having been passed after the first day of March, was a vote of a tax on the grand list to be completed on the 15th day of May following.

A vote of a tax after the first day of March cannot be a lawful vote of a tax upon the grand list completed on the 15th day of May preceding, though it was expressly made so, and the fact that it was so made appeared from the records of the district; but the records failing to show such fact, it cannot be shown by parol.

TRESPASS for taking personal property. Plea, the general issue and notice. Trial by the court, December term, 1871, BARRETT, J., presiding.

The plaintiff proved the taking and damage, and rested. The defendant justified as collector of school district No. 5, in Plymouth. It was conceded that said district was legally organized, and that the plaintiff had a legal grand list in said district for the year 1869.

The defendant put in a copy from the records of said district of a meeting held on the 16th day of October, 1869, and the annual meeting of said district held on the 29th day of March, 1870, and offered parol evidence to show that the voters of said district intended by their vote of March 29 to fix the rate per cent. on the list of 1869, to defray the expense of building said house agreeably to the vote of October 16, which they deemed necessary in order to carry into effect the last named vote. This evidence was excluded, to which the defendant excepted. It was conceded that the defendant, as collector of said district, proceeded legally in the seizure and sale of said property.

The defendant put in his tax-bill and warrant. The tax-bill was made out by the prudential committee who was elected at the annual meeting of 1870, but who was not the committee in 1869, and was placed in the defendant's hands.

It appeared in evidence that the plaintiff sold his farm in Plymouth, and removed with his family and effects to Woodstock, prior to the first day of April, 1870, and had no grand list in Plymouth in 1870, or in said district No. 5. That the new school house, referred to in the votes of said district, was not built until the summer of 1870. That the district procured their lumber and boards to build said house the winter following said vote of October 16th, and in pursuance thereof, and the house was built after the 1st of August, 1870. The tax-bill was made out July 6, 1870. The expense of building said house was a few dollars more than the whole amount of the tax-bill. Upon the foregoing facts the court rendered judgment for the plaintiff, to which the defendant excepted.

The records of the proceedings of the district at the meeting

of October 16, 1869, were put into the case, from which it appeared that the district, pursuant to articles 2nd and 4th of the warning, voted " To build a new school-house," and " To raise money to defray the expenses of said house ;" also records of meeting of March 29, 1870, at which meeting the district, according to an article in the warning, voted " To raise three hundred cents on the dollar, to defray the expenses of building the new school-house."

*J. Converse*, for the defendant.

*W. C. French*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.    Whether the vote to raise money to defray the expenses of the school-house, passed at the meeting of October 16th, 1869, would have been a sufficient foundation for the assessment of a tax, if no further vote had been passed relating to that subject, or not, the vote to raise three hundred cents on the dollar, for that same purpose, passed at the meeting of March 29th, 1870, in connection with the article in the warning upon which that vote appears to have been taken, was a vote to raise that amount upon the grand list of the district for that purpose, and it took the place of and wholly superseded the former vote, and thereby became the only vote upon which a tax could be made out.    This latter vote having been passed after the first day of March, 1870, could not lawfully be and was not a vote of a tax upon any grand list other than that one then to be completed on the fifteenth day of May following, and it would not have been a lawful vote of a tax upon the grand list of 1869, if it had been expressly made so, and the fact that it was so made had been shown by the records of the district.    Gen. Stats., 538, § 67 ; *Alger* v. *Curry*, 38 Vt., 382.    The parol evidence offered was, therefore, properly excluded, because the fact it tended to prove was immaterial.    It was also properly excluded because the fact, if it existed, was a matter of record, and could not be shown by parol apart from the record.    The plaintiff, not being a tax-payer

in the list of 1870, was not subject to the tax under which the defendant justified, and the county court properly rendered judgment for the plaintiff.

Judgment affirmed.