## MARSHALL MONTGOMERY v. LEONARD F. EDWARDS.

*Trespass. Jurisdiction. Pleading. Gen. Stat., § 51, ch.* 113.

In actions of trespass on the freehold, the *ad damnum* in the writ is the "sum in demand," within the meaning of the statute conferring jurisdiction of such actions upon justices of the peace, and determines the jurisdiction.

Section 51, ch. 113, of the Gen. Stat., which gives treble damages in certain cases of trespass on real estate, does not create the right of action, but only gives cumulative damages for what was, and still is, actionable at common law.

The declaration alleged that the defendant entered upon the land of the plaintiff, and then and there, without leave or license of the plaintiff, cut down and carried away the trees of the plaintiff, of the value of fifteen dollars, then standing and growing upon said land, contrary to the form and force of the statute in such case made and provided, and to the damage of the plaintiff, fifty dollars. *Held*, that in reference to the question of jurisdiction, the action must be regarded as an action of trespass on the freehold, but that the declaration did not sufficiently count upon the statute to make it an action founded upon the statute aforesaid.

TRESPASS *qua. clau.* Plea, the general issue, and trial by jury, August term, 1872, Ross, J., presiding. The declaration was as follows:

"For that the said defendant, heretofore, to wit, on the first day of May, A. D. 1870, and at divers other times between that time and the date of this writ, at Walden aforesaid, did enter upon the land of said plaintiff, said land being a part of lot number three in great lot number nineteen, in said Walden, and did then and there, without leave or license of said plaintiff, cut down and carry away a large number of trees of said plaintiff, of great

value, to wit, ten spruce trees, ten fir trees, and ten birch trees, all of the value of fifteen dollars, said trees being then standing and growing upon said land ; contrary to the form and force of the statute in such cases made and provided, and to the damage of the plaintiff, fifty dollars."

On trial the plaintiff introduced testimony tending to show that the defendant cut some spruce trees upon the land described in the declaration, and drew them away, and that their value was from six to eight dollars, and no more. The defendant made no question but the plaintiff owned the land where the trees were said to have been cut, and no testimony was offered• tending to show that any question would be made as to the title of the land involved. The defence was a license to cut the trees. The defendant claimed that, upon the proof, the county court had not original jurisdiction, and moved to dismiss the action for that reason ; but the court overruled the motion, and submitted the case to the jury, with instructions not excepted to. To the overruling of said motion, the defendant excepted.

The plaintiff claimed that he was entitled by his declaration to recover treble damages under § 51, ch. 113, of the Gen. Stat. ; but the court ruled otherwise, and treated the action as an action of trespass at common law, and not an action founded upon said statute, and upon the special finding of the jury that the defendant, without the leave of the plaintiff, cut trees upon the plaintiff's land, of the value of five dollars and twenty-eight cents, rendered judgment for the plaintiff for that amount, and the same amount of costs ; to which the plaintiff excepted.

*B. N. Davis*, for the defendant.

1. In order to recover a penalty given by statute, the facts constituting the offence must be set forth, and it must be alleged that the defendant has incurred the penalty thereby given. *Keyes* v. *Prescott*, 32 Vt. 86 ; *Evarts* v. *Allen*, 1 D. Chip. 116 ; *Bigelow* v. *Johnson*, 13 Johns. 428.

2. To cut trees on another's land as set forth in this declaration, was no penal offence at common law,—it was only made so by statute. Hence, the acts constituting the offence must be set forth in the declaration, and as constituting an offence against the

form, force, and effect of the statute in such case provided. *Fuller* v. *Fuller*, 4 Vt. 123 ; *Lee* v. *Clarke*, 2 East, 333 ; and the declaration should apprise the defendant that the plaintiff goes for the penalty. *Keyes* v. *Prescott, supra.* This declaration does not declare upon the statute, or that the acts complained of were committed against the statute.

3. In case the declaration had declared upon the statute, the court had the discretion to render judgment for single damages if it adjudged that the trees were cut by mistake, and the case does not show but this was the ground of the ruling of the court.

4. The declaration for a forfeiture, or penalty, should count for the penalty, so that the time of commencing the action may be minuted on the writ, agreeably to § 9, ch. 62, of the Gen. Stat., that the defendant may move to dismiss, if the statute is not complied with.

5. The county court had no original jurisdiction of this action. Gen. Stat., § 18, ch. 31. The plaintiff puts the case on the ground that the action is penal, and that, under the section on which he claims to have declared, he may go for the penalty without declaring *quare clausum fregit.* The defendant might have been in the lawful possession of the plaintiff's land by license, and cut a tree belonging to the plaintiff without license, and thereby incurred the penalty, so the declaration can hardly be construed as a declaration *quare clausum fregit.* The title of the plaintiff is not denied. There is no allegation that the defendant broke the plaintiff's close—no title of land was :n controversy, and no injury to possession by the defendant is claimed. *Small* v. *Haskins et al.* 26 Vt. 209. If this declaration can be treated as *quare clausum fregit,* and the plaintiff entitled to recover only single damages, as the title of land was not called in question, a justice had original jurisdiction, as the declaration alleges, and the proof showed, the damages less than twenty dollars. *Small* v. *Haskins et al., supra.*

*Marshall Montgomery, pro se.*

The court erred in treating the action as trespass on the freehold at common law. The pleader has set forth the cause of action in the words of the statute, and counted upon the statute in

the usual way, which is sufficient upon any public statute like the one referred to in this case. 1 Chit. Pl. 215 ; *Keyes* v. *Prescott*, 32 Vt. 86 ; *Reed* v. *Northfield*, 13 Pick. 94 ; Steph. Pl. 347–8.

The county court had original jurisdiction, because the title of land was in question. It was a necessary part of the declaration to aver title, and it was necessary to be proved—the general issue having been pleaded—and in such cases, a justice has no jurisdiction. Again, the *ad damnum* was over twenty dollars, and that is the test of a justice's jurisdiction in trespass *quare clausum fregit.* Gen. Stat. § 18, ch. 31 ; *Small* v. *Haskins et al.* 26 Vt. 209 ; *Jakeway* v. *Barrett*, 38 Vt. 316 ; *Flannery* v. *Hinkson*, 40 Vt. 485 ; *Scott et al.* v. *Moore et al.* 41 Vt. 205 ; *Burnett* v. *Ward*, 42 Vt. 80.

The opinion of the court was delivered by

PECK, J.   The suit should have been dismissed on defendant's motion, if the county court had no original jurisdiction of the action.   If the action is an action of trespass on the freehold, the county court had original jurisdiction.   Whether the plaintiff under this declaration has the right to recover treble damages or not under the statute, the action is an action of trespass on the freehold, and must be so regarded in reference to the question of jurisdiction.   The statute giving treble damages in certain cases of trespass on real estate, does not create the right of action, but only gives cumulative damages for what was, and still is, actionable at common law.   The declaration charges the defendant with entering upon the land of the plaintiff, and then and there, without leave or license of the plaintiff, cutting down and carrying away trees then standing and growing on said land ; and concludes to the damage of the plaintiff fifty dollars.   The county court had original jurisdiction of the action, unless it is within the jurisdiction of a justice of the peace.   The statute gives jurisdiction to a justice of the peace, " *of actions of trespass on the freehold where the sum in demand does not exceed twenty dollars.*"   This is the limit of the jurisdiction of a justice of the peace in this form of action ; and it is immaterial to the question of jurisdiction whether the title to the land is in fact disputed or put in issue on

trial or not. In actions of trespass on the freehold, and actions of assault and battery, and the like, the *ad damnum* in the writ is the "*sum in demand*," determining the jurisdiction. It is true that in trespass and trover for personal property, where the value of the property and interest is in general the limit of damages, with no evidence tending to show that the plaintiff has a right to receive a sum exceeding the jurisdiction of a justice, and it appearing that he had no reason to suppose he could recover beyond that sum, it has been decided that the county court may dismiss the case for want of original jurisdiction, because in such case the plaintiff can more easily judge in advance to which jurisdiction his case properly belongs. But even if we should apply the same rule to the case at bar, no error appears in the decision of the county court in overruling the motion; as that court may have found that the plaintiff in good faith supposed that he could recover more than twenty dollars damages; especially in view of the fact that he claimed to recover treble damages. The defendant's exception therefore is overruled.

The exception by the plaintiff is to the decision of the county court treating the action as trespass on the freehold for cutting and removing trees and timber, and not an action upon § 51 of ch. 113, Gen. Stat., which gives, *under certain circumstances*, " treble damages by action founded on this statute, together with costs of prosecution," against the party who " shall cut down, destroy. or carry away any tree or trees whatever, placed or growing for use, shade or ornament, or any timber, wood or underwood standing, lying, or growing on the land of any other person, without leave or license from the owner or owners of such lands." It will be noticed that the statute gives treble damages only "*by action founded on this statute*." It is therefore necessary, in order to entitle the plaintiff to recover treble damages, that the action by the declaration should clearly appear to be founded on the statute, indicating that the plaintiff claims to recover the treble damages; otherwise the defendant would have the right, and the court would be bound, to treat it as an action of trespass at common law. There is nothing in the form of action in this case that indicates such claim; the action being the appropriate

action at common law for single damages. The statute does not prescribe the form of action. Notwithstanding the statute, the remedy at common law still exists ; and to recover treble damages, the declaration must count upon the statute. It is not sufficient to simply state such facts as would bring the case within the statute ; it must appear by the declaration in some form, unequivocally, that the plaintiff claims to recover treble damages by force of the statute. Where the same facts that would make out a case under the statute, would also make out a case at common law, the declaration must show in some form that the plaintiff grounds his action on the statute ; otherwise it will be treated as a common law action. The common mode of counting upon a statute, is to designate the action, in the commencement of the declaration, as an action upon the statute, with the proper description of the form of action, and reference to the statute. But it is not indispensable, in a case like this, to designate the action as founded on the statute, *in terms*, if in the body of the declaration there are other equivalent words showing that the plaintiff claims by force of the statute, &c.—as an allegation that thereby the defendant became liable by force of the statute, &c.; or, by means of the premises and by force of the statute in such case provided, on action accrued, &c. The only reference to the statute, or allegation in the declaration in the case at bar, to show the action is founded on the statute, is the concluding words,—" contrary to the form and force of the statute in such case made and provided." It is insisted that this is sufficient. No case is cited which goes to this extent. *Burnett* v. *Ward*, 42 Vt. 80, was an action upon the statute to recover double damages for the worrying and killing of plaintiff's sheep by the defendant's dog, counting specially " *in a plea of trespass given and had under and by force of the ninth section of chapter 104 of General Statutes,*" &c. ; and the only question was whether the plaintiff was bound to prove his case beyond a reasonable doubt, as in criminal cases. It is said in the opinion in that case, that it has often been held that in an action by the party aggrieved, on a statute which gives cumulative damages to the party aggrieved, the declaration need not contain all that would be required in a declaration on a penal statute for the

penalty ; that it need not conclude *against the form* of the statute ; and several cases are cited to the point that such conclusion was not indispensable, as in *Reed* v. *Northfield*, 13 Pick. 94, cited also by the plaintiff's counsel in this case. That was an action on the statute against the town for double damages for an injury sustained by a defect in a highway. But in that case the declaration contained the usual averment—" whereby," &c., " and by force of the statute in such case made and provided, the said inhabitants," &c., " became liable to pay to the said James double the damages by him sustained by reason of the premises aforesaid." This was held, after an elaborate discussion of the question, both by counsel and court, to be a sufficient counting upon the statute, without the formal conclusion, against the form and force of the statute. The other case referred to by the plaintiff, *Keyes* v. *Prescott*, 32 Vt. 86, does not aid the plaintiff, but makes against him. That case was upon the same statute relied on in this case ; and the declaration, after stating the facts, and alleging the value of the tree cut and carried away, contained the words, " contrary to the statute in such case made and provided," and added, " *whereby and by force of the statute in such case made and provided, the plaintiff is entitled to recover of the defendant treble the value of said tree, amounting in the whole to the sum of,*" &c. ; yet the court were divided on the question whether it could be treated as an action upon the statute, or a common law action of trespass ; a majority of the court holding that it should be treated as an action upon the statute. It is evident from the majority opinion in that case as published, that it was based mainly on the last of the two averments above stated. We think something more than what is alleged in the declaration in the case at bar, was necessary to constitute it an " *action founded on this statute.*"

Judgment affirmed.