## HASSAM *v.* EDWARDS.

*School District. Assessment of Tax. Acts of* 1872, *No.* 8.
*Acts of* 1868, *No.* 38.

A school district that was in debt was enlarged in March, 1873, by the annexation of a part of an adjoining district. In April, 1874, the district as it was before its enlargement, in order to pay the debt, voted to assess a tax on the list of 1872. *Held*, that under No. 8 of the Acts of 1872, it should have been assessed on the list completed on May 15, 1874; and that No. 38 of the Acts of 1868 conferred no such right as the district assumed.

TRESPASS for two robes taken under tax-bill and warrant. Trial by the court upon an agreed statement of facts, at the March Term, 1876, REDFIELD, J., presiding.

It was agreed that at the annual town meeting in March, 1873, a part of school district No. 19 was legally set to district No. 15, which was then in debt; that at the first and second subsequent annual meetings of district No. 15, new officers were elected in the usual way; that, up to the second of said meetings, said debt was unpaid, and unprovided for; that in April, 1874,

the members of old district No. 15 voted to raise a tax on the list of 1872 of the old district, to pay the debt; that said tax was assessed and certified by the prudential committee of 1872, and put into the hands of the defendant, who was the legal collector of the district for 1872, but not at the time the tax-bill was delivered to him. It was also agreed that the distress and sale of the robes in question were regular, and that the plaintiff was a taxpayer in district No. 15 before its enlargement, when the debt accrued, and when the tax was voted.

The court held that the assessment on the list of 1872 was lawful, and rendered judgment for the defendant to recover his cost; to which the plaintiff excepted.

*J. N. Johnson* (*H. W. Heaton* with him), for the plaintiff, cited Gen. Sts. c. 84, s. 66; *Alger* v. *Curry*, 38 Vt. 382; *Allen* v. *Burlington*, 45 Vt. 203; *Capron* v. *Raistrick*, 44 Vt. 515.

*Geo. M. Fisk* (*Carpenter & Plumley* with him), for the defendant, cited Acts of 1868, No. 38.

The opinion of the court was delivered by

ROYCE, J. The sufficiency of the defendant's justification depends upon the validity of the tax assessed against the plaintiff. The tax was voted by the district in 1874, and to be assessed on the grand list of 1872. No. 38, Acts of 1868, under which the district claimed the right to assess the tax on the list of 1872, conferred no such right. It provides that no division, alteration, or enlargement of the limits, or the uniting of any school districts in this state, heretofore made, or hereafter to be made, shall have the effect to dissolve or merge said district or districts, until all debts and liabilities due from and to such district or districts so divided, enlarged, or united, shall have been fully settled and paid, and saves rights of action in favor of and against such districts, and continues in office the officers of such district in office at the time of the alteration, with all necessary powers for calling district meetings, levying, assessing, and collecting taxes to pay liabilities, and closing up the concerns of such district, and for

those purposes only. The obvious intent and meaning of that act is, to confer upon the officers of such district the same powers, for the purposes named in it, as they possessed before its alteration. No additional powers are conferred. So that in the assessment and levying of taxes, they are to be governed by the same rules that would have been applicable to them before any alteration was made.

The law in force at the time the tax was voted, (Acts of 1872, No. 8,) required that all school-district taxes voted on the first day of April, or at any time thereafter within one year, should be assessed on the grand list to be completed on the 15th of May. The district could not vote a tax to be assessed upon any other list than the one designated by law as the basis for taxation. *Collamer* v. *Drury*, 16 Vt. 574; *Capron* v. *Raistrick*, 44 Vt. 515; *Alger* v. *Curry*, 38 Vt. 382. The attempted justification of the defendant fails for the reason that the tax was wrongfully assessed on the list of 1872.

Judgment reversed, and judgment for plaintiff for $12.50 damages, and costs.