## BLACK AND OTHERS *v.* HOWARD.*

*Pleading.    Misjoinder of Counts.    Gen. Sts. c. 33, s. 14.*

The first count alleged that on divers days, &c., defendant, with force and arms, broke and entered plaintiff's close, and tore down and destroyed the division fence between said close and land of defendant, and with his cattle, &c., trod down, ate, and destroyed the herbage, &c., there growing. The third count alleged 'that it was defendant's duty to maintain part of the division fence, but that he had not maintained the same, nor any part thereof, but had wholly neglected and refused so to do, whereby the cattle, &c., of defendant entered upon plaintiff's close, and ate and destroyed the herbage, &c., and whereby plaintiff's cattle escaped, &c. *Held,* that the two counts were meant to embrace the same cause of action, and that under s. 14, c. 33 of Gen. Sts. there was no misjoinder obnoxious to general demurrer.

TRESPASS *qua. clau.*, with a count in case. Special plea to the whole declaration, and demurrer thereto. The court, REDFIELD J., presiding, sustained the demurrer, and adjudged the plea insufficient; to which the defendant excepted.

The first count alleged that the defendant, on &c., and on divers days between that day and the day of the date of the writ, with force and arms, broke and entered the plaintiffs' close, being their home farm, so called, lying next to and adjoining certain lands occupied by the defendant, and tore down and destroyed the division fence between the land of the plaintiffs and the land occupied by the defendant as aforesaid ; and with horses, cattle and sheep of him, the said defendant, trod down, ate, destroyed, and consumed the grass, corn, grain and herbage of the plaintiffs so growing on their said close, and deprived the plaintiffs of the use,

<hr>

*Tried at the August Term, 1876.

advantage, and profit of said close.    The second count was sub-
stantially like the first.

The third count alleged that on, &c., and from that day to the
day of the date of the writ, the plaintiffs were owners, and in
possession and occupation, of certain land and premises commonly
called the home farm of the plaintiffs, and the defendant was in
possession and occupation, during the same period, of certain
land adjoining the same ; that it became and was the duty of the
defendant to build and maintain a division fence, a part of the
distance between the lands· so possessed and occupied by the
plaintiffs, and the lands so possessed and occupied by the defend-
ant, during all of said period ; but that from, &c., to the day of
the date of the writ, the defendant had not regarded nor per-
formed his said duty in the premises, but had wholly neglected
and refused so to do, and had not built nor maintained a division
fence as aforesaid, nor any part thereof, but had wholly neglected
and refused so to do, whereby the cattle, horses, and sheep of the
defendant escaped from the land of the defendant, and entered
upon the land of the plaintiffs, and ate up and destroyed the herb-
age and grass thereon being and growing, and wholly hindered
the plaintiffs in, and deprived them of, the use, benefit, occupa-
tion, and advantage of their aforesaid lands ; and whereby during
all said period the cattle, horses, and sheep of the plaintiffs, solely
by reason of said fault and neglect of the defendant, escaped and
ran away from the land and possession of the plaintiffs, to the
plaintiffs' great loss and damage.

The plea alleged that the fence of the plaintiffs on the division
line between plaintiffs' and defendant's lands, was not, during any
of the time in the declaration mentioned, a legal fence, as pre-
scribed by statute, through its whole distance ; but that there
were many places therein that plaintiffs were bound to put and
keep in good and sufficient repair during the whole of said time
that were wholly defective, out of repair, and insufficient.

*J. O. Livingston* and *J. A. Wing*, for the defendant.

The plea is a sufficient answer to the first two counts, if not to
the whole declaration.    But if insufficient, the declaration is also

insufficient by reason of a misjoinder of counts. The first and third counts cannot be for the same cause of action. It cannot be pretended that a man's tearing down the plaintiffs' fences, and laying their field open, and his not repairing his own fences, and thereby letting the cattle escape, are the same cause of action. Thus the counts cannot be joined. Gen. Sts. c. 33, s. 14. Advantage of the misjoinder can be taken by demurrer, and under this demurrer as well as it could have been under demurrer to the declaration. 1 Chit. Pl. 205, 206.

The third count is not good. It is not good at common law, as the common law gives no such remedy. It is not good under the statute, as it makes no allusion to the statute. *Montgomery* v. *Edwards*, 45 Vt. 75. It is also too general. It contains no allegation that the defendant did not choose to let his land lie vacant and common; and that omission is fatal. As the count is defective and the judgment is entered on all the counts, the judgment must be reversed. *Kinniers* v. *Stiles*, 44 Vt. 351.

*Heath & Carleton*, for the plaintiffs.

The judgment of the County Court sustaining the demurrers should be affirmed. The fact set forth in the plea does not constitute a defence to the declaration or any count thereof. *Saxton* v. *Bacon*, 31 Vt. 540; *Gipson* v. *Bump*, 30 Vt. 175; *Keith* v. *Bradford*, 39 Vt 34.

The declaration is sufficient. 2 Chit. Pl. 779–863.

The opinion of the court was delivered by

BARRETT, J. The plea is to the whole declaration, and professes to answer the whole. Though in itself defective, if the declaration as a whole is defective, so as to be the subject of general demurrer, then the demurrer to the plea would be fatal to the declaration. It is conceded that the first and second counts of the declaration are good in law ; but it is claimed that the third count is not good for substance. Assuming it to be as claimed, the mere defectiveness of that count would not cause the joinder of it with the other counts to render the declaration, as a whole, subject to general demurrer, not even at

common law. Such joinder could have such effect only in case that third count was for a cause of action that could not be joined with the other counts. The demurrable defect would be misjoinder of causes of action, not joining with good counts a defective count for the same, or a joinable cause of action. In order to reach the defect, the demurrer must be directed to such defective count.

It hence follows, that the question upon which this case is to be decided, is, whether there is a fatal misjoinder of counts. That would be so at common law, whether the counts be or be not for the same cause of action in fact. But, by our statute, that rule of the common law is modified, and such joinder as in this case is permitted, provided the counts be for the same cause of action.

We are satisfied that the third count was meant to cover and embrace the cause of action meant to be covered and embraced by the first two counts. This being so, the only course for the defendant, in order to raise and save question as to the legal quality of the general verdict upon all the counts, as the ground of a judgment, was to have moved in arrest of judgment.

But this neither he nor his counsel bethought themselves to do. Or if they did, they probably appreciated our statute of 1865 in that behalf, and so cast the result on what might be made out of the sham plea and the demurrer to it.

Judgment for plaintiff affirmed.