## HORATIO TEMPLETON v. O. C. CLOGSTON.

*Trespass and Trover, Joinder of. Pleading. R. L. s. 912. Misjoinder. Demurrer.*

A count in trespass joined with a count in trover is bad on demurrer, unless it appears from the declaration that they are for the same cause of action; thus, where the count in trespass alleged that the defendant broke and entered the plaintiff's close and cut down and carried away 3,000 spruce trees, 1,000 hemlock trees and 1,000 other trees, and the count in trover alleged that the defendant converted to his own use 250,000 feet of spruce lumber and 10,000 feet of hemlock lumber, etc., possessed by the plaintiff; *Held*, to be a misjoinder.

TRESPASS and trover. Heard on demurrer to the declaration, March Term, 1887, VEAZEY, J., presiding. Judgment sustaining the demurrer.

*J. A. Wing* and *S. C. Shurtleff*, for the plaintiff.

The counts are sufficient. *United States* v. *Ordway*, 30 Fed. Rep. 30. There is not a misjoinder. 2 Chit. Pl. 369; *Haskin* v. *Record*, 32 Vt. 575; *Hagar* v. *Brainard*, 44 Vt. 294; *Black* v. *Howard*, 50 Vt. 27.

*Pitkin & Huse*, for the defendant, cited 1 Chit. Pl. 199, 206; R. L. s. 912; *Keyes* v. *Prescott*, 32 Vt. 86; *Skinner* v. *Wilder*, 38 Vt. 115; *Hagar* v. *Brainard*, 44 Vt. 294; *Black* v. *Howard*, 50 Vt. 27. The two counts do not embrace the same cause of action.

The opinion of the court was delivered by

ROYCE, Ch. J. The declaration in this case was demurred to for misjoinder of counts. Demurrer sustained and judgment for defendant.

The declaration contains two counts, one in trespass, the other in trover. No question is made but this would have

Templeton *v.* Clogston.

been a misjoinder at common law ; and if allowable at all, it is under our statute, R. L., sec. 912, which provides that "counts in trespass may be joined with counts in trespass on the case, including trover, in one declaration, if for the same cause of action."

It is not necessary that the declaration should contain any special allegation that the several counts are for the same cause of action. *Alger* v. *Curry*, 38 Vt. 382. But in that case no question is made but the counts were for the same cause of action.

It is sufficient if the court are satisfied from the declaration itself that the several counts are for the same cause of action. *Black* v. *Howard*, 50 Vt. 27. In this last case, which was trespass *q. c. f.*, with a count in case, the premises are described in the first count as the "home farm, so called," etc., of plaintiffs, and the trespass was the breaking in and tearing down of the "division fence" between the land of the plaintiffs and the defendant. The second count is substantially like the first, and in the third count, which is the count in case, the premises are again described as "the home farm of the plaintiffs ;" and the breach of duty alleged is the neglect of the defendant to build and maintain "a division fence" a part of the way between his land and the land of the plaintiffs. Here was almost an identity of description ; and the court, BARRETT, J., say they "are satisfied that the third count was meant to cover and embrace the cause of action meant to be covered and embraced by the first two counts."

But we cannot be similarly satisfied in regard to the two counts of the declaration in the case at bar. The property is described in the first count as "a large amount of valuable trees standing and growing on said lots, to wit: 3,000 spruce trees, 1,000 hemlock trees, and 1,000 other trees," etc. ; in the second count as "a large amount of spruce logs and sawed spruce and hemlock lumber, to wit: 250,000 feet of spruce lumber and 10,000 feet of hemlock lumber," etc. Here plainly is not only no trace of identity, but rather great dissimilarity

of description. The logs and lumber described in the second count not only *may* not have been the same trees that are described in the first, after they had been cut and part of them sawed into lumber, but indeed, if we are to take the description literally, they *could* not have been the same; for the "1,000 other trees" mentioned in the first count are not accounted for at all in the second; all trace of them is lost.

If there had been an averment that the property described in the second, was the same property described in the first, count, it might have been necessary to consider whether a count for the conversion of the logs and lumber could be joined with trespass for entering and cutting down the trees, under the statute; but for the reasons above expressed we consider this declaration fatally defective without coming to that question.

On motion of the defendant, the judgment of the County Court is reversed *pro forma*, and cause remanded.