F. J. SAWYER *v.* W. C. CHILDS ET AL.

October Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed March 23, 1910.

*Pleading—Declaration—Joinder of Counts—Same Cause of Action—Trover and Trespass Quare Clausum—Remedial Statutes—Construction—P. S. 1503.*

At common law several counts for several distinct trespasses, including counts for trespass *quare clausum fregit* and for trespass *de bonis asportatis*, may be joined, but the joinder of trespass and trover is prohibited.

If a count in trover is for the conversion of the same goods mentioned in a count in trespass for breaking and entering a dwelling house and carrying away personal property, the two counts are for the same cause of action, within the meaning of P. S. 1503, allowing the joinder of counts in trespass and trover for the same cause of action.

P. S. 1503, allowing the joinder of counts in trespass with counts in case for the same cause of action, is a remedial statute, and should be liberally construed.

An allegation in a count that it is for the same cause of action as other counts joined therewith is not always decisive, though in a doubtful case, or where the two or more causes of action may possibly be the same, such allegation would probably control.

A count in trover and a count in trespass *quare clausum fregit*, with no allegation as to personal property, cannot be for the same cause of action, and hence cannot be joined pursuant to P. S. 1503, though it is alleged that they are for the same cause of action.

TRESPASS QUARE CLAUSUM AND TROVER. Heard on demurrer to the declaration at the December Term, 1908, Windsor County, *Butler*, J., presiding. Judgment, *pro forma*, overruling the demurrer and adjudging the declaration sufficient. The defendant excepted. The opinion states the case.

*Herbert H. Blanchard* and *Herbert G. Tupper* for the defendant.

The first and most important test whereby to determine whether counts are for the same cause of action is whether the same evidence will support them. *Gates* v. *Goreham,* 5 Vt. 317; *Kitchen et al.* v. *Campbell,* 3 Wils. 304; *Lacon* v. *Barnard,* Cro. Char. 35. That test shows that the second and fourth counts cannot be for the same cause of action.

*Fred H. Spaulding* and *Charles Batchelder* for the plaintiff.

WATSON, J. The declaration is in four counts: the first is trespass for breaking and entering the plaintiff's dwelling house and taking and carrying away certain goods and personal property, etc.; the second is trespass for breaking and entering the plaintiff's dwelling house and expelling him therefrom, etc., but without any allegation as to goods and personal property; the third is trespass for taking and carrying away the plaintiff's goods and personal property; and the fourth is trover. On demurrer it is contended that the declaration is bad because of misjoinder of counts.

At common law several counts for several distinct trespasses may be joined (Stevens on Pl. 267; 1 Chit. Pl. 200), including counts for trespass *quare clausum fregit* and counts for trespass *de bonis asportatis. Bishop* v. *Baker,* 19 Pick. 517. But counts in trespass and counts in trover cannot be joined. Gould's Pl. ch. IV, sec. 87; *Cooper* v. *Bissell,* 16 Johns. 146.

Under the statute (P. S. 1503) counts in trespass may be joined with counts in trespass on the case, including trover, in one declaration, if for the same cause of action. The fourth count contains an allegation in effect that it is for the same cause of action as the other three counts. That this allegation may be true as to the third count there can be no doubt. But as to the first count the question must be determined upon the authorities. In *Hubbell* v. *Wheeler,* 2 Aik. 359, the action was trespass for breaking and entering the plaintiff's dwelling house and therein debauching his daughter, by which he lost her service. Plea not guilty, with notice of special matter justifying the breaking and entering by license of the plaintiff. And such li-

cense being proved, the question was whether the plaintiff could recover for the injury of seduction as a substantive ground for an action of trespass. On examination of authorities, it was held that if the defendant had pleaded the license to enter the house, specially and in bar, the plaintiff might have new assigned the debauching of the daughter, and recovered for that as a distinct substantive trespass; and that as the defendant, instead of pleading specially in bar, gave notice that he should justify the entry of the house by proof of a license under the general issue, the plaintiff was entitled to avail himself of the trespass in debauching the daughter, under the general issue, the same as he might have done by a new assignment, had the license been pleaded in form. In *Grout* v. *Knapp,* 40 Vt. 163, the action was trespass for breaking and entering the plaintiff's close, and the destruction of his gate and fence. The defendant pleaded a public right of way, and that having occasion to use it at the several times, when, etc., he entered the *locus in quo* for that purpose, which he alleged were the same trespasses of which the plaintiff complained in his declaration. To this plea a demurrer was interposed, and the question in this Court was as to the sufficiency of the plea. It was urged by the plaintiff that although the plea justified the breaking and entering, it did not the destruction of the gate and fence, he insisting that such destruction was not matter of aggravation, but of the gist of the action and should have been answered by the plea. It was held not to be of the gist of the action, but matter of aggravation merely, and that the plea justifying the breaking and entering was a sufficient answer to the whole declaration. The Court, through Judge Prout, however, said: "But the question is susceptible of another view. The declaration in this case will admit of the construction, either that the matter unanswered by the plea was insisted and relied upon as aggravating the damages merely, or that it was relied upon by the plaintiff as a distinct injury, and that he intended to recover for it. If there is any reasonable doubt as to the construction of the declaration in this particular, the defendant was at liberty to treat it as of the former character, and having done so, conceding that the plaintiff's meaning was to insist upon the latter construction, and intended to avail himself of such injury, he should have brought it forward by a new assignment."

In *Warner* v. *Hoisington*, 42 Vt. 94, the action was in trespass for breaking and entering the plaintiff's close and taking and carrying away thirty bushels of ears of corn and converting the same to his own use. The defendant entered a plea of not guilty, and on trial introduced evidence showing a contract with the plaintiff under which the defendant claimed authority to enter upon that portion of the close in which was the plaintiff's corn. The Court, speaking through Judge Steele, said that even conceding the defendant was guilty of no unlawful entry, the plaintiff was still entitled to recover. "The declaration alleges not only a breach of the plaintiff's close, but also that the defendant then and there 'took and carried away thirty bushels of corn, of the value of eighteen dollars, and converted the same to his own use.' Had the defendant pleaded in justification, as he was bound to do, to be entitled to avail himself of such a right to enter upon the land as he now relies on, his plea would have been sufficient, if it justified the entry, even though it did not profess to answer or justify the trespass in removing the corn. For, technically, the removal of the corn is but matter of aggravation, and the breach of the close the gist of the action. But the plaintiff would still have been at liberty to new assign and rely on the trespass in taking the corn as a distinct cause of action, and abandon his claim for the entry. * * *. The new assignment does not substitute a new cause of action, but merely states the original one with more particularity, or assigns as a substantive ground of damages what the declaration has alleged only as aggravation." The judgment of the lower court for the plaintiff was affirmed.

In the case at bar the first count admits of the construction that in addition to the breaking and entering, the taking and carrying away the goods and personal property is relied upon as a distinct injury and is of the gist of the action. That it is the intention of the plaintiff to give it this construction and thereby recover compensation for such distinct injury under the first count is manifest from the averment in the count in trover that it is for the same cause of action, an averment which can be true only by regarding the alleged taking and carrying away, etc. in the first count as of the gist of the action. The first count standing thus, if the count in trover is for the conversion of the same goods and personal property it is for **one of**

the same causes of action, and within the statute permitting counts in trespass to be joined with counts in trover when for the same cause of action. That statute is remedial in nature and should receive a liberal interpretation. This holding is not in conflict with the decision in *Keyes* v. *Prescott*, 32 Vt. 86. There the original count in the declaration was on the statute for treble damages for entering upon the plaintiff's land and cutting and carrying away a growing tree. A majority of the Court thought the case standing on that count should be considered as a penal action,—a holding not now followed,—and being so considered, it was held that a count in trover for the conversion of the tree severed from the freehold could not be joined in amendment, as the two counts could not be for the same original cause of action. Nor is the case of *Templeton* v. *Clogston*, 59 Vt. 628, 10 Atl. 594, in conflict. There the description in the count in trover of the property alleged to have been converted so varied from the description in the count in trespass upon the freehold of the property taken and carried away that the Court said the property could not have been the same. And the exact question here under consideration, though referred to, was left undecided.

The second and fourth counts stand different. As we have seen, the second count is in trespass for breaking and entering the plaintiff's dwelling house and expelling him therefrom, but contains no allegation as to goods and personal property. It is inconceivable how the count in trover for the conversion of chattels can be for the same cause of action, and we hold that it is not. Consequently there is a misjoinder of these two counts. It is said, however, that the allegation in the count in trover that it is for the same cause of action as the other counts is decisive. Yet this is not always so. In a doubtful case, or in a case where the two or more causes of action may possibly be the same, probably such an averment will control (*Havens* v. *H. & N. H. R. R. Co.*, 26 Conn. 220), and we give it that force as to the first, third, and fourth counts; but when, as with the second and fourth counts, it is clear that they cannot be for the same cause of action, an averment that they are does not help the matter. *Sellick* v. *Hall*, 47 Conn. 260.

*Judgment reversed, demurrer sustained, declaration adjudged insufficient, and cause remanded.*