GEORGE E. DOWNING v. BERT BURIHAM, ET AL.

November Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 16, 1911.

*Pleading—Amendment of Declaration—Striking out Counts— Changing Cause of Action.*

The rule forbidding an amendment that changes the cause of action cannot preclude a plaintiff from perfecting his declaration by abandoning counts for a cause of action different from that relied on in the remaining count; and, therefore, where a declaration consisted of a count in trespass *quare clausum*, a count in trespass *de bonis* for the removal of timber, and a count in trover for a conversion thereof, the court properly allowed plaintiff to amend by striking out the last two counts, regardless of whether the causes of action relied upon in the several counts were different.

TRESPASS *quare clausum*, with a count in trespass *de bonis* and a count in trover. Heard on plaintiff's motion to amend his declaration by striking out the last two counts, at the September Term, 1910, Washington County, *Hall*, J., presiding. Motion granted, and judgment rendered for the plaintiff, to which the defendant excepted.

*F. G. Fleetwood, M. G. Morse, A. D. Kimball,* and *Senter & Senter* for the defendants.

*B. E. Bullard* for the plaintiff.

The amendment was properly granted, regardless of whether the several counts are for the same cause of action. *Moses* v. *Taylor*, 6 Macay, (D. C. ) 225; *Weireck* v. *Hoover*, 8 Blackf. (Ind.) 379; *Lidden* v. *Hodnett*, 22 Fla. 271; *Veeder* v. *Cooley*, 4 Thomp. & Co. 245.

MUNSON, J.   The declaration contained counts in trespass *quare clausum*, alleging the cutting and removal of trees and

growing timber; a count in trespass *de bonis*, alleging the removal of saw-logs, wood and timber; and a count in trover, alleging a conversion of like property. When the case was reached for trial, plaintiff moved to amend by striking out the last two counts, and the defendants objected, for that the counts of trespass on the freehold and the count in trover were not and could not be for the same cause of action, and so were improperly joined, and that consequently the declaration could not be amended as proposed without changing the cause of action.

The question presented is purely one of pleading, no jurisdictional question being involved. It is not necessary to inquire whether the counts are for different causes of action; for the striking out of one of two counts, whether it be for a separate cause of action or not, does not change the cause of action set up in the other count; and we think the rule forbidding an amendment which changes the cause of action can not preclude a plaintiff from perfecting his declaration by abandoning a count for a different cause of action, which has been mistakenly added. The amendment was properly allowed. Chitty *206; Gould, Ch. 4, §101; See *Abbott* v. *Keith*, 11 Vt. 525; *Haskell* v. *Bowen*, 44 Vt. 579; *Rowley* v. *Shepardson*, 83 Vt. 167; *Sawyer* v. *Childs*, 83 Vt. 329.

*Judgment affirmed and cause remanded for the assessment of damages.*