LUMAN J. SLAYTON *v.* NELLIE S. DAVIS AND J. W. ERWIN.

Special Term at St. Johnsbury, April, 1911.

Present:  ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS; JJ.

Opinion filed October 9, 1911.

*Pleading—Joinder of Counts in Trespass and Case—P. S. 1503—
"Same Cause of Action"—Necessity of Allegation of Identity
—Malicious Prosecution and Abuse of Process—Demurrer
for Misjoinder of Counts—Grounds not Specified.*

Though a count for malicious prosecution is clearly distinguishable from
    a count for abuse of process, they are so similar in character that they
    stand alike when joined with a count in trespass and met by demurrer
    for misjoinder.

It is not necessary to a proper joinder of counts in trespass on the case
    with a count in trespass, under P. S. 1503, providing that they may
    be joined, if for the same cause of action, that there be an allegation

that the several counts are for the same cause of action, for it is sufficient if that appears from the whole declaration.

The "cause of action" referred to in P. S. 1503, providing that counts in trespass may be joined with counts in trespass on the case, if for the same cause of action, is the fact or facts that give rise to the right of action—the matter for which the action may be brought; and so whether counts are properly joined under that statute is not to be tested by the gist of the respective counts, but by the gravamen thereof.

In reviewing the action of the trial court in overruling a demurrer for the misjoinder of counts, grounds of demurrer not specified and passed on by the court below, will not be considered.

TRESPASS and case. Heard on defendant's special demurrer to the declaration for misjoinder of counts, at the September Term, 1910, Orleans County, *Stanton*, J., presiding. Demurrer overruled, and declaration adjudged sufficient. The defendants excepted. The opinion states the case.

*Young & Young* and *J. W. Redmond* for the defendant.

*Grout & Grout* for the plaintiff.

POWERS, J. This declaration contains two counts. It is agreed that the first, —the substance of which is that the defendants assaulted the plaintiff and seized him and cast him into prison,—is in trespass. The form of the second,—which alleges in substance that the defendants, without cause, maliciously sued out a body writ against the plaintiff and caused him to be arrested thereon and cast into prison, all for the sole purpose of forcing him to discontinue a certain action of trover which he had brought against the defendants and which was then pending,—is in dispute; the plaintiff claiming that it is case for abuse of process, and the defendants insisting that it is case for malicious prosecution. The parties agree, however, that the second count—whatever it may be in form— cannot be joined with the first, unless the two are for the same cause of action within the meaning of P. S. 1503, which provides that counts in trespass may be joined with counts in trespass on the case, including trover, if for the same cause of action.

The defendants demur to the declaration, specifying as

cause thereof the alleged misjoinder of the counts,—and this raises the only question submitted.

Counts for malicious prosecution and for abuse of process are clearly distinguishable. They are, however, so similar in character that they stand alike when joined with a count in trespass and met by a demurrer for misjoinder. So we do not deem it necessary to determine which of the parties correctly classifies this second count in order to decide whether it is for the same cause of action covered by the first. An allegation of identity in such cases is not required: *Templeton* v. *Clogston*, 59 Vt. 628, 10 Atl. 594, nor is it always controlling: *Sawyer* v. *Childs*, 83 Vt. 529, 75 Atl. 886. All that is or should be required is that, from the declaration itself, the court shall be satisfied that the several counts are for the same cause of action. *Templeton* v. *Clogston*, *supra*. The "cause of action" referred to in the statute is the fact or facts which give rise to a right of action,—the matter for which an action may be brought. Joinder of counts under this statute is not to be tested by the gist of the respective counts joined, but by the gravamen thereof. If the substance of the claim made under the different counts is the same, identity is sufficiently established, though the gist of one differs from that of the others.

Thus in *Hagar* v. *Brainerd*, 44 Vt. 294, two counts in trespass *qua. clau.* were joined with one in case. The court below overruled the defendant's motion to dismiss the third count for a misjoinder. This ruling was approved by this Court on the ground that all the counts were to recover for the removal of the same dwelling house and underpinning stones, and consequently were for the same cause of action.

In *Black* v. *Howard*, 50 Vt. 27, the declaration contained two counts in trespass *qua. clau.* and one in case. The former alleged in substance that the defendant broke and entered the plaintiff's close, tore down the division fence between the parties, and with his cattle trod down, ate and destroyed the herbage thereon growing; the latter alleged in substance that the defendant neglected and refused to maintain his part of the division fence between the parties, whereby his cattle escaped and entered upon the plaintiff's land and ate and destroyed the herbage thereon growing. The Court was satisfied that the third count

was meant to cover the cause of action embraced in the others, and held in effect that they were well joined.

In *Sawyer* v. *Childs, supra,* it was held that a count in trespass *qua. clau.* alleging the carrying away of certain personal property and trover for the same personal property were properly joined; but that a count in trespass *qua. clau.* without such allegation and trover could not be joined.

The question of identity under this statute does not differ from that involved in the rule that an amended count must be for the same cause of action. In such cases the rule of this Court, as recently announced in *Davis' Admx.* v. *Rutland R. R. Co.,* 82 Vt. 24, 71 Atl. 724, is that "the test is, whether the proposed amendment is a. different matter, or the same matter more fully and differently laid. If the latter, you can amend; if the former, you cannot."

According to the plaintiff's theory of this case, the facts which are set forth in the second count gave him a cause of action which he could assert either in an action of trespass or an action on the case at his option. The injury complained of in the first count and the injury complained of in the second count are one and the same injury, namely, the imprisonment. The second count is but another way of stating the plaintiff's claim,—another form of declaring for the same thing, namely, damages for such imprisonment. But the defendants now say that on the facts disclosed by the second count, trespass for false imprisonment cannot, in any event, be sustained; that since it appears by the second count that the plaintiff's arrest and imprisonment was on a writ issued from the county court in due form, an action for false imprisonment on account of that arrest and imprisonment cannot be maintained; and that it must, therefore, be taken that the first count is predicated upon some arrest and imprisonment other than the one set up in the second count. We cannot adopt this view, for we think it sufficiently appears that the two counts are predicated upon the same arrest and imprisonment. If the defendants intend to make the further point that these counts are so inconsistent and repugnant to each other that proof of the grounds alleged for a recovery in the second necessarily disproves the grounds alleged for a recovery in first, and that this affords a

ground of demurrer for misjoinder, the sufficient answer is that this ground is not specified in the demurrer and does not appear to have béen passed upon below. Therefore it will not be considered here.

*Affirmed and remanded.*