# MARTIN H. OVITT v. HATTIE E. SMITH.

### OCTOBER TERM, 1895.

*Marriage by petitionee in divorce proceedings void.*

A marriage by the petitionee, against whom a divorce has been granted, in violation of R. L., s. 2391, is void.

Petition to annul a marriage. Heard at the June term, 1895, Caledonia county, START, J., presiding. The court as a matter of law dismissed the petition. The petitioner excepts.

*Harry Blodgett* for the petitioner.

TYLER, J. The petition alleges, and the court below found, that the parties were married in this state in due form of law ; that the petitioner married the petitionee upon her representation that she had been married to one. Farrand, but had obtained a divorce from him and was at liberty to marry again, which representation the petitioner believed and relied upon ; that the parties lived together as husband and wife for some months after their marriage, when the petitioner learned that at the April term, 1891, of the Lamoille county court, said Farrand had obtained a divorce from the petitionee by reason of her adultery, whereupon the petitioner ceased to live

with her; that there was no issue of this marriage and that Farrand was living when the petition was brought.

The only question discussed in the brief of the petitioner's counsel is whether in the circumstances stated there was a voluntary cohabitation within the meaning of R. L., s. 2357. In the view which we take of the case this question does not arise. The decision depends upon the effect that is to be given to the following sections of the statute:

"Sec. 2391. When a marriage is dissolved pursuant to the provisions of this chapter the parties shall be deemed single and may lawfully marry again. But it shall not be lawful for the petitionee in divorce proceedings in which a divorce is granted, * * * * to marry another person than the petitioner for three years from the time such a divorce is granted, unless the petitioner dies within that time, in which case the petitionee may marry again."

"Sec. 2392. A person who violates the provisions of the preceding section, or lives in this state under a marriage relation forbidden by said section, shall be imprisoned in the state prison for not less than one year nor more than five years."

The question is whether under the first sentence of the former section, the marriage not being declared void, a marriage with the petitionee may not be valid, although the petitionee incurs the penalty imposed by the next section. Mr. Bishop in Mar., Div. and Sep., s. 707, 708, 1621, discusses the question at length, but leaves it undecided whether or not a statute should be interpreted to make void the marriage unless it contains an express clause of nullity.

In Tennessee, a statute which provided that where a marriage was absolutely annulled, the parties should severally be at liberty to marry again, but that a defendant who had been guilty of adultery should not, during the life of the former husband or wife, marry the person with whom the crime had been committed, was held not against public policy, and that where the husband from whom the divorce had been obtained on account of his adultery, married his *particeps*

*criminis* during the life of the first wife the second wife was not entitled to homestead.    *Owen* v. *Brackett*, 7 Lea 448.

*In re Borrowdale*, 28 Hun. 336, the pretended widow was refused letters upon her husband's estate, upon proof that a former husband, who was still living, had obtained a divorce from her on account of her adultery, the statute merely prohibiting her re-marriage.

In 14 Am. and Eng. Ency. of Law, 504, it is said in the text that where the prohibition has any effect, a marriage in disregard of it is a mere nullity, though it be contracted with the innocent party and former spouse.    In the notes, Stewart on Mar. and Div., s. 53, is cited to the effect that unlawful marriages are not void unless declared to be so by the statute.

In Georgia, under a statute which prohibits the guilty party to a divorce re-marrying, the court refused to hold a second marriage void and render children illegitimate.    *Park* v. *Barron*, 20 Ga. 702 ; sc. 65 Am. Dec. 641.

Sec. 25, chap. 107, Gen. Sts. Mass., declared any marriage contracted by such guilty party void.    Sec. 23, chap. 146, Pub. Sts., only prohibited such party from re-marrying. From the reasoning of the court in *Commonwealth* v. *Lane*, 113 Mass. 458, which arose under the later statute, we infer that that statute was regarded as rendering the second marriage void—that the respondent would have been convicted of polygamy but for the fact that his second marriage was solemnized in another jurisdiction.

Courts are unwilling to make decrees which may render innocent persons illegitimate, but our statute must receive a reasonable and not a forced construction.    The two sentences of s. 2391, R. L., must be construed together.    It seems clear that the intent of the legislature was to make the last a limitation upon the first.    The latter makes an exception to the enabling provisions of the first.    The Massachusetts statute reads :    "After a divorce    *    *    *    either party may marry again as if the other were dead, except that the party

against whom the divorce was granted shall not marry again, etc." Construing the whole of s. 2391, R. L., it certainly would be illogical to hold a marriage valid, when the statute itself declares it unlawful for one of the parties to re-marry.

It is elementary that contracts are illegal when founded on a consideration *contra bonos mores*, or against the principles of sound policy, or founded in fraud, or in contravention of the positive provisions of some statute law; that if the contract grew immediately out of, or is connected with an illegal or immoral act, a court of justice will not enforce it; that the object of all laws is to repress vice, and promote the general welfare of the state and of society.

The legislature evidently considered that a second marriage, within the limitations named, by a person from whom another had obtained a divorce for any of the statutory causes was against the policy of the domestic relations and the best interests of society.

The statute not only declares that it shall not be lawful for the libelee to marry again, but it imposes a severe penalty upon such person for violating the prohibition. It is held that when a statute merely inflicts a penalty for the doing of a particular act, that act is by implication prohibited and illegal. *Roby* v. *West*, 4 N. H. 285; *Pray* v. *Burbank*, 10 N. H. 377. The penalty imposed implies prohibition. See numerous cases cited in 1 Rap. Dig. p. 824, pl. 94, and Mack's Dig. p. 342; Benj. Prin. of Cont. chap. 6.

This court has held that a contract which has for its object, or which contemplates, any act prohibited by express statute, or the commission of which incurs a penalty, is as much illegal and void as if the statute in express terms so declared. *Territt* v. *Bartlett*, 21 Vt. 184; *Bank of Rutland* v. *Parsons*, Id. 199; *Bancroft* v. *Dumas*, Id. 456. In *Aiken* v. *Blaisdell*, 41 Vt. 655, it is said that the distinction spoken of in the books, between a law that forbids an act and imposes a penalty for its commission, and a law that imposes a penalty

without in terms forbidding the act, is not a distinction in legal effect. We think this case must be controlled by the general rules of law respecting contracts.

It was not lawful for the petitionee to re-marry, therefore her marriage with the petitioner was illegal, and its illegality rendered it void.

*Judgment reversed and the marriage declared null and void.*