STATE *v.* JULIA SARTWELL.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed March 2, 1908.

*Marriage and Divorce—Marriage of Libellee within Three*
*Years—Whether Void or Voidable.*

Although V. S. 2703, 2704, only declares that, when parties are divorced
in this State, "it shall not be lawful for the libellee to marry a
person other than the libellant for three years from the time such
divorce is granted," ·and imposes a penalty on the transgressing
party, such prohibited marriage is absolutely void, and not merely
voidable and of force till annulled by a decree for that purpose.

INFORMATION for bigamy. Heard on demurrer to the in-
formation at the September Term, 1907, Orleans County, *Miles,*
J., presiding. Demurrer overruled and information adjudged
sufficient, *pro forma.* The respondent excepted.

The information alleges that, on April 20, 1891, in this
State, one E. Caswell duly obtained a divorce from his wife
Vina; that on April 21, 1892, in this State, said Vina and Al-
bert Sartwell intermarried; that on July 5, 1898, in this State,
said Albert Sartwell and the respondent, duly and legally in-
termarried, "the said Vina then and now being alive and no
legal separation of the said Albert and the said Vina have taken
place or occurred heretofore"; that on March 30, 1907, in this
State, "and while the said Albert Sartwell was still living and
while the marriage of said Albert and" the respondent "was
still of binding force and effect," the respondent and one Bert
Blake "were duly joined in marriage," etc., whereby the re-
spondent then committed the crime of bigamy.

*Frank E. Miles* for the respondent.

As the marriage of Vina to Sartwell, within three years
after her former husband obtained a divorce from her, does
not come within V. S. 2658, making it "void without decree
of court or other legal process," it is governed by the provisions
of the common law applicable to void marriages, namely, that

they are in full force till annulled by a "decree of court or other legal process." *LeBarron* v. *LeBarron,* 33 Vt. 364; *Giddings* v. *Smith,* 15 Vt. 344; *Nash* v. *Harrington,* 2 Aik. 9; *Wightman* v. *Wightman,* 4 Johnson's Chan. Rep. 346; *Park* v. *Barron,* (Ga.) 65 Am. Dec. 644; *Crawford* v. *State* (Miss.) 35 L. R. A. 224.

*Edwin A. Cook,* State's Attorney, for the State.

WATSON, J. The sole question presented in argument is, whether the marriage of Vina Rouse to Albert Sartwell in this State within three years after Vina's former husband had been granted a divorce from her in this State, was void or only voidable. It is contended that inasmuch as the statute (V. S. 2703, 2704) does not in terms declare such a marriage void, and goes no further than to make it unlawful for a libellee to marry a person other than the libellant for three years from the time the divorce is granted, unless the libellant dies, and imposing a penalty on the transgressing party, the marriage is of force till annulled or dissolved by a decree for that purpose. The same provisions of law, however, were before this Court and construed in *Ovitt* v. *Smith,* 68 Vt. 35. There the petitioner sought an annullment of such a marriage. On full consideration of the question the marriage was held to be void. The same construction was in effect again declared in *State* v. *Shattuck,* 69 Vt. 403, where the respondent was charged with adultery and the same question raised. But since the marriage there in question was solemnized in another state and there legal it was not affected by the restriction. We are not disposed to depart from the construction given in these two cases.

*The pro forma judgment is affirmed and cause remanded.*