## Michael Mack, Jr., Trevor Mack and Christine Mack v. Kay Jones, a/k/a Kay Jones Mack

[276 A.2d 626]

No. 113-70

Present: Holden, C.J., Barney, Smith and Keyser, JJ., and Hill, Supr. J.

Opinion Filed April 6, 1971

*Wool, Agel, Murdock & Kittell,* Burlington, for Plaintiffs.

*Langrock & Sperry,* Middlebury, for Defendant.

**Keyser, J.** The sole question for determination in this case is the validity of the second marriage of Michael Mack, father of the plaintiffs, to Kay Jones, the defendant, on March 30, 1966.

On August 25, 1965 the Grand Isle County Court granted a divorce to Dorothy Mack, from Michael Mack, decree *nisi* to become absolute on October 1, 1965. The custody of the three

minor children of the parties, the plaintiffs herein, was awarded to the libelant. The decretal order contained other provisions in settlement of the marital relationship not material here.

At the time the divorce was granted 15 V.S.A. § 559 was in effect. This statute reads as follows:

> "Remarriage. When a marriage is dissolved pursuant to this chapter, the parties shall be deemed single and may lawfully marry again; but the court in its decree of divorce shall make an order forbidding the libellee to marry a person other than the libellant for two years from the time such divorce is granted unless the libellant dies. Nevertheless, in such decree or in a revision thereof made upon petition of the libellee and upon due notice and hearing, such court may permit the libellee to remarry at such earlier date as it shall deem just."

Notwithstanding the provisions of 15 V.S.A. § 559, the decree of divorce did not contain the 2-year forbidding clause as prescribed by statute during which the libelee could not marry. The decree of divorce granted to Dorothy Mack was never modified in any respect, no petition having ever been brought to the court for that purpose. It is plaintiffs' contention that whether or not the forbidding clause was in the decree, by force of this statute the second marriage of their father to the defendant was absolutely prohibited and void.

On March 30, 1966 Michael Mack obtained a marriage license to marry the defendant, Kay Jones, and, pursuant therewith, they were married at Middlebury on the same day, the statutory five-day waiting period having been waived by the Probate Court for the District of Addison. These parties lived together as husband and wife until Mr. Mack's death on December 15, 1968 at Bellingham, Washington.

The plaintiffs seek a declaration of the legality of their father's second marriage since their rights of inheritance in their father's estate are affected thereby. Dorothy Mack, now McBride, was appointed guardian *ad litem* of the plaintiffs, they being minors. Based on the facts stipulated to by the parties and found by the court, the trial court declared that the marriage of Michael Mack to Kay Jones Mack was "in all respects legal and valid." It is from this judgment order that the plaintiffs have appealed.

The question raised by the appellants compels an interpretation of 15 V.S.A. § 559. In aid of this we find the historical background of the statute most helpful.

In 1805 the statute, then Chapter XCIII, § 2, relating to divorce, provided that "the persons so divorced from the bonds of matrimony shall thereupon be deemed single, and may lawfully marry again."

In 1878 the legislature by No. 16, § 4, materially amended the law as follows:

> "From and after the passage of this act it shall not be lawful for any petitionee in any divorce proceedings, in which a divorce shall be granted, to again marry any person other than the petitioner, for the space of three years next after such divorce shall be granted; but the provisions of this section shall be of no effect from and after the death of the petitioner in such divorce proceedings."

Section 5 of the same Act provided punishment in state prison for "Any person who shall violate the provisions of section four of this act, or live in this State under any such forbidden marriage relation within said three years."

The effect of these enactments was to create a three year prohibition to the marriage by a libelee under circumstances which made the statute applicable and also to provide a penalty for its violation. And this Court held that such marriage was prohibited and absolutely void. *State* v. *Sartwell*, 81 Vt. 22, 23, 69 A. 151 (1908).

In 1925 the legislature again amended the law which reduced the 3-year prohibitory period to two years. Acts of 1925, No. 53, § 1. The legislature enacted one further amendment to the law in 1939 by Act No. 55, § 2. This statute became 15 V.S.A. § 559, quoted *supra*.

The several amendments to the statute since 1878 clearly indicate a determined legislative change in the strict policy of the domestic relations and the best interests of society in the area under consideration. The 1939 law deleted from the statute the clause "it shall not be lawful" which appeared in the prior enactments beginning in 1878. The meaning of this change was to not only liberalize, but also to remove, the unlawful

aspect of a marriage by the libelee consummated contrary to statute.

Furthermore, the change wrought by the legislature placed the control of any prohibitory period in the court and authorized the court, in the exercise of its discretion, to fix the length of the period not to exceed two years. The language used in the 1939 statute can only be construed to show a clear intent by the legislature to erase the statutory illegality of a marriage expressed in the 1878 law and amendments thereto.

This intent is further supported by the passage in 1939 of section 3 of Act No. 55. This section amended the penalty provisions of the divorce statute originally enacted in 1878, *supra.* The 1939 amendment, later 15 V.S.A. § 560, related the penalty solely to a person in violation of an *order* or *decree* made by the court under the divorce section or who lived in this state under a marriage relation forbidden by such *order* or *decree.*

In the case at bar there was no restriction against remarriage placed upon the libelee either by order or decree of the court. As a consequence, the penalty provisions of Section 560 could never have been invoked against libelee Mack for the simple reason that he, regardless of his remarriage, was not in violation of any order or decree of the court.

The provisions of Section 559, which provide for the two year prohibitory period, also provide that the court may permit the libelee to remarry at such earlier date as it shall deem just. By omitting the prohibitory clause, the court granted the libelee the right to remarry anytime after the divorce became absolute on October 1, 1965. This was entirely within the power of the court to do. In rightful reliance on the decree, the libelee did so marry. If it was to be contended that the judgment order was erroneously drafted, that issue had to be raised before interested parties had lawfully changed their positions. To now set aside a marriage in all respects lawful and valid when entered, and now a basis for a widow's rights, would be contrary to public policy and an unconscionable wrong.

The plaintiffs argue that under Vermont law both by former statute and case decision, an absolute prohibition against remarriage by the libelee has been well established and cite *Ovitt* v. *Smith,* 68 Vt. 35, 33 A. 769 (1895), decided in 1895,

and *State* v. *Sartwell, supra.* These cases and the statutes upon which they were founded lost their authority as precedents upon the enactment of the 1939 amendments to the divorce law, *supra,* and are not applicable here.

The declaration of the trial court that the marriage of Michael Mack to Kay Jones was legal and valid is without error. We find no sound legal basis to hold otherwise.

*Judgment affirmed.*