BERTHA WERTHEIM, ADMX. *v.* THE FIDELITY & CASUALTY COMPANY.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON AND WATSON, JJ.

Opinion filed June 19, 1900.

*Definition—" General count "—*A general count in assumpsit is one stating in a general way a claim which a special count would set forth with all needed particularity.

*A general count must be appropriate to the cause of action—*When one has a claim for which he can recover under a general count in assumpsit, he must, if he would so recover, use a count appropriately framed with reference to the cause of action.

*Recovery under a general count on an insurance contract—Construction of Acts 1896, No. 121, sec. 1—*Under Acts of 1896, No. 121, sec. 1, a recovery upon an insurance policy can be had under a general count in assumpsit, but it must be under a general count declaring upon an insurance policy.

*Act as construed declaratory—*The act in question is consistent with what the court might hold without its aid.

GENERAL ASSUMPSIT brought by the plaintiff as administratrix of Aaron Wertheim, deceased, to recover of the defendant on an insurance policy. Plea, the general issue. Trial by court, Chittenden County, March Term, 1900, *Taft*, C. J., presiding. The questions in the case were raised by objections to the evidence in behalf of the plaintiff made by the defendant on the ground that the evidence was inadmissible under the declaration. The court overruled the objections *pro forma*, and rendered a *pro forma* judgment for the plaintiff. The defendant excepted.

*M. A. Bingham* and *W. L. Burnap* for the plaintiff.

*Seneca Haselton* for the defendant.

TAFT, C. J. In this action the plaintiff seeks to recover upon a policy of insurance against accident. The plaintiff's intestate was insured 10 February, 1899, and died the following month, his death being caused by an accident resulting from the kick of a horse, 15 February, 1899.

The only question presented in the case is whether the testimony offered in support of the plaintiff's claim, such as the policy of insurance, testimony as to the accident and the resulting death of the intestate therefrom, might properly be admissible under the declaration. The declaration contained the general counts in indebitatus assumpsit for work and labor, care and diligence, materials provided, divers goods, wares, merchandise and chattels sold and delivered, money loaned and advanced, money paid, laid out and expended, money had and received, money due upon an account stated, and for the use and occupation of certain lands, tenements, etc. These are the only counts contained in the declaration and the question arises whether a recovery can be had upon an insurance policy under either of them.

The plaintiff urges that a recovery can be had under the common counts in assumpsit upon the holding in *Bradley* v. *Phillips*, 52 Vt. 517, " that when there has been a special agreement, the terms of which have been performed so that nothing remains but a mere duty to pay money, the general counts are

sufficient for the recovery of the sum due." This rule cannot be applied in this case for, if it is true that under such circumstances money can be recovered under the general counts, it must be under such a general count as is applicable to the case. No one can consistently claim that under the general count for money had and received, a recovery may be had for the use and occupation of lands, or that under a general count for goods, wares and merchandise a recovery may be had for money paid, laid out and expended.

In a case like *Bradley* v. *Phillips*, to recover under a general count, there must be a general count appropriate for the recovery of such a claim. A general count is one stating in a general way the plaintiff's claim which in a special count is set forth with all needed particularity. When one has a claim which he can recover under a general count, he must frame such count with reference to it. This is well exemplified in *Beach* v. *Dorwin*, 12 Vt. 139, in which case it was held that one cannot recover for the use and occupation of premises under a count for money had and received. The opinion reads that "the plaintiff can have no right to recover the avails of the farm for the year * * * unless it be under the appropriate declaration for such claim."

It is a general rule that a plaintiff must recover "*allegata et probata;*" that is, he must allege his claim. Consider for a moment the appearance of counsel who, upon trial, under a claim for goods bargained and sold, should claim to recover damages resulting from the death of a person or a conversion of goods.

It is also insisted that under sec. 1, No. 121, Laws 1896, a recovery can be had under the declaration, for in that section it is enacted that the general counts in assumpsit shall be a sufficient declaration and no other or different one shall be required in order to recover on an accident insurance policy. There are other provisions in this section and the one that follows, which relate to the matter, but do not affect the disposition of the question under the section above referred to.

Construing this section as it reads, there is no question but that under a general count in assumpsit a recovery may be had upon an insurance policy, but it must be a general count declaring upon an insurance policy. There is no consistency in saying that a recovery can be had upon an insurance contract when the count is only for money had and received, money paid, laid out and expended, goods sold and delivered or for goods bargained and sold, for none of these counts is applicable to a recovery upon a contract of insurance. Without the aid of the statute it is possible a recovery might be had under a general count in assumpsit, if the exceptions show, as claimed by the plaintiffs in this case, that all the elements of the contract, both on the part of the decedent and his administratrix, had been fully complied with, and nothing remains for the defendants but to pay over the sum stated in the policy ; but it must be under an appropriate declaration counting upon such policy.

I, for one, think that all legislation in regard to the forms of actions or the declarations required in actions is without and beyond the power of the legislative department. It is simply an invasion of the judicial department of the government. I think that questions of pleading of all kinds, and the sufficiency of the pleadings, is a matter that cannot be directed by the legislature. It cannot say to the courts that under a declaration for an assault and battery, you may recover for work and labor, money paid or laid out and expended. Whether a demurrer to a sur-rebutter should be allowed or disallowed is a question that the courts can deal with far better than the legislature. The Act of 1896 is consistent with what the courts might hold without it, and that is that a general count upon an insurance policy may be sufficient. We do hold that, and give the act in question that construction; but we require that in order to recover upon an insurance policy there should be a common count in the declaration declaring in terms upon the contract.

*Judgment reversed and cause remanded.*