EDWARD K. JEWELL *v.* HOOSAC TUNNEL AND WILMINGTON R. R. Co.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed October 9, 1911.

*Admission of Evidence—Objection to Answer—Seasonableness— Necessity of Specific Objection—Preliminary Findings by Trial Court—Presumptions—Harmless Error—Cross-Examination—Briefs—Waiver of Objection—Objections to Evidence.*

An objection made after a question was answered, accompanied by a motion to strike out the answer, was seasonable.

To afford the basis for an available exception, an objection to an answer, like an objection to a question, must point out the exact grounds thereof, unless those grounds are so obvious as not to require statement.

Where the admissibility of evidence depends on a preliminary finding of fact by the trial court, the Supreme Court will presume, in support of the ruling admitting it, that such fact was found, unless the record shows the contrary; so that, where the record shows that the court merely found that plaintiff "had a right to cross-examine" a witness called by him, it will be presumed that the court found that the witness was hostile, the contrary not appearing.

Though the record shows that the objection to a question asked a witness followed the answer, as it seems from the record that the trial court treated the objection as seasonable, the Supreme Court does the same.

In an action against a railroad company for damages from fire kindled by defendant's locomotive, it appeared that coke was the fuel used on the defendant's locomotives; that its engineer testified as to the construction and operation of spark arresters and ash pans oñ defendant's locomotives, and stated that coke cinders died quickly; that on cross-examination he was asked whether more or less cinders did not drop into the ash box with any kind of fuel, and answered, "Yes", and was also asked whether coals scattered from any of the locomotives on his road, and answered: "Not with coke; I have never seen it"; but that he had seen cinders scatter with coal. *Held*, that defendant could not have been prejudiced by the answers given on cross-examination, even if it was broader than was warranted.

Later in the trial this witness was recalled by defendant and was asked how long a spark from coke burned after it left the fire box, and answered, "Well, I wouldn't be afraid to pick it up in one of my bare hands after ten minutes," which answer was stricken out, on plaintiff's objection, as not responsive. *Held*, that it must be presumed, in support of the ruling, that the trial court was justified in requiring a more responsive answer, especially as defendant had an opportunity to obtain a direct answer.

In support of the ruling below, allowing certain questions on cross-examination, it will be presumed, the contrary not appearing, that there was evidence tending to show the conditions assumed by the questions.

An exceptor will be confined in the Supreme Court to the objection that he stated below, and where a point is not briefed it will not be considered.

CASE for setting out fires. Plea, the general issue. Trial by jury at the September Term, 1910, Windham County, *Taylor*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Haskins & Schwenk* for the defendant.

*Chase & Daley* for the plaintiff.

POWERS, J. This action is brought to recover damages caused by a fire set by the defendant's engine. The facts are much like those in *Chase* v. *H. T. & W. R. R. Co.*, *ante p.* 60 and the record indicates that the burning here complained of was a

part of that fire, or at least was set by the same engine on the same trip over the defendant's road.

Walter Wright was a witness for the plaintiff. He was at the fire and helped fight it. He traced its course back to the defendant's track, where he observed, on the right of wáy, a growth of weeds, grass, brakes, and golden rod. Counsel for the plaintiff then directed him to "describe to the jury how this growth of weeds and grass and brakes and golden rod looked, and their height, within a distance of two rods of the railroad track, and up next to the burned stretch." The witness replied, "It looked to me like an old pasture that had not been pastured, as near as I could describe it."

Thereupon, the defendant objected, and asked that the answer be stricken out; but the court allowed it to stand, and noted an exception.

The plaintiff insists that this objection was not seasonable and that the exception is therefore unavailing under the rule in *State* v. *Powers,* 72 Vt. 168, 47 Atl. 830. But this cannot be, for the objection was not to the question, but to the answer. Obviously such an objection cannot be interposed in advance. But the objection as made was general, while it should have been specific. An objection to an answer, like an objection to a question, must point out the grounds upon which it is predicated in order to afford the basis of an available exception. To hold otherwise would be to overturn a most salutary rule of practice, and require a trial court to rule on such questions without adequate information as to the nature of the objection. It may well be that cases might arise where the grounds of the objection are too obvious to require statement, but this case cannot be said to belong to that class.

Perley Aubertine, who was a fireman in the defendant's employ at the time of the fire, was called by the plaintiff and testified that he ran over the defendant's road that day on a freight train which ran to Wilmington ahead of the excursion train, the engine of which was said to have set the fire, and that he returned over the road after the excursion train had passed over it; that his train arrived back at the "Wheeler Farm Flat," where the fire was said to have started, about four o'clock in the afternoon; and that at that time there was no fire nearer

the railroad track than one hundred and fifty feet. The court, "after finding that the plaintiff had a right to cross-examine" as the exceptions state, allowed counsel for the plaintiff, subject to exception, to ask the witness the following questions:

1. "Did you not tell me that you saw fire and smoke up near the end of the railroad ties"?

2. "Did you not tell me that you heard Superintendent McTeer say that the excursion train set the fire?"

Both these questions the witness answered in the negative, and the plaintiff offered no evidence in contradiction.

The defendant says it was error to permit this because of the rule that one cannot impeach his own witness as laid down in *Cox* v. *Eayres*, 55 Vt. 24, 45 Am. Rep. 583. But since the passage of No. 49, Acts of 1886, (P. S. 1597), one may, by leave of court, prove the contradictory statements of his witness if the court is of opinion that the witness is adverse. All that appears here is that the court found that the plaintiff had a right to cross-examine the witness. It is unnecessary to consider whether this should be taken to mean that the witness was hostile, for, it not appearing otherwise, this Court will presume that the court below found the fact of the witness' hostility,— the rule being that when the admissibility of evidence depends upon a preliminary finding of fact, this Court, in support of the ruling below, will presume that the required fact was found, unless the record shows that it was not. *Bristol Mfg. Co.* v. *Palmer*, 82 Vt. 438, 74 Atl. 76.

F. W. Crosier, one of the defendant's engineers, testified about the construction and operation of the spark arresters and ash pans on the defendant's engines. He said that coke cinders die out very quickly, and that he never knew of fires being set by coke cinders from his engine. The exceptions state that it was shown that coke was the fuel then being used in defendant's engines. Subject to exception, counsel for the plaintiff was allowed to cross-examine the witness (so far as the defendant now complains) as follows:

Q. "It is true that in the running of an engine with any kind of fuel, more or less cinders and coals drop down into the ash box?"

A. "Yes, sir."

Q. "Upon any of the engines on your road, you know that coals scatter out?"

A. "Not with coke, I have never seen it."

Q. "With any fuel, how is that?"

A. "I have seen it scatter out with coal, yes."

Though it appears from the exceptions that the objection to the last question actually followed the answer, it seems from the bill that the court below treated it as seasonable, hence we do the same. It may be, perhaps, that this inquiry was broader than the evidence in the case warranted, but it cannot be possible that the defendant was prejudiced by the answer, and it must be held that the error, if any, was too trifling to be harmful.

Later in the trial, this witness was recalled by the defendant and asked how long, according to his observation, a coal from coke carried fire or burned after it left the fire box. His answer was, "Well, I wouldn't be afraid to pick up one in my bare hands in ten minutes." At the plaintiff's request, this answer was stricken out, and the defendant excepted.

In making this ruling the court remarked, "We hardly think it is reponsive, he doesn't say whether it was carrying fire then or not." It is quite probable that this answer was the witness' way of saying that such a coal would carry fire for ten minutes; and it might be our duty so to construe it, if to do so would sustain the ruling below, but in the circumstances here presented, we must presume that the trial court was justified in its view and warranted in holding the witness to an answer directly responsive to the question. It is apparent that the opportunity was open to the defendant to get from the witness a direct statement on the subject of the inquiry, and quite probable that he did so, though the record docs not show one way or the other. If the defendant did not avail itself of this opportunity, it was its own fault. The exception cannot be sustained.

Earnest Harris, a witness for the defendant, explained the construction and condition of the ash pan on Engine No. 9, which was said to have set the fire, and described the slide which was used in dumping any material which might gather in the ash pan, and the button securing it in place. Subject to exception, he was cross-examined as follows:

Q. "But if it [the slide] does play up and down in any way, what is there to hinder the ashes and coal from working out under it?"

A. "Nothing."

Q. "Now if that button should get thrown up, then there is nothing to prevent this slide from coming out, is there?"

A. "If it got up, the slide would come out."

The objection to this was that it assumed something that did not exist; that there was nothing to show that the slide or button worked that way. But the exceptions do not show that this was so; and we cannot assume that it was, though counsel claimed it. In support of the ruling, we must presume that there was evidence tending to show the conditions implied in these questions—since the contrary does not appear. *Bristol Mfg. Co.* v. *Palmer, supra; Tenney* v. *Harvey,* 63 Vt. 520, 22 Atl. 659.

T. W. Pallos, an employee of the Central Vermont Railway Company, was a witness for the plaintiff and qualified as an expert in the matter of the construction, operation and efficiency of ash pans and spark arresters. Objections were made and exceptions taken to certain questions and answers in the line of the witness' qualification, but these are not now relied upon. The witness was asked, "Assuming that a locomotive engine passing over a railroad scatters burning material every little ways, and in three places within a distance of about four miles, so that it blazes up, what, in your opinion, is the cause of it?" Subject to the defendant's exception, he replied, "I would say there was either a hole in the ash pan or the slide was not properly shut." The only objection which the defendant now makes to this question and answer is that the matter covered is not proper for expert evidence. But this point was not made below. There, the only objection specified was that the question did not state what was being burned in the engine. The point made below not being briefed will not here be considered, *Graves* v. *Waitsfield,* 81 Vt. 84, 69 Atl. 137, and the one briefed not having been made below will not here be considered. *State* v. *Manley,* 82 Vt. 556, 74 Atl. 231; *State* v. *Roby,* 83 Vt. 121, 74 Atl. 638.

*Judgment affirmed.*