WILLIAM PAIGE *v.* J. WILLIAM McCARTY.

May Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed June 10, 1912.

*Objections to Evidence—Requisites—Master and Servant—Injuries to Servant—Defective Premises—Variance.*

An available objection to the admission of evidence must state the ground thereof, unless the evidence is inadmissible in any state of the case.

A plaintiff in a tort action is not obliged to prove the full extent of the wrong alleged, but may recover for the least portion of it that caused him injury.

In a servant's action for injuries resulting from his stepping into a hole in a stable floor, where the declaration alleged that the floor broke because of rottenness and other imperfections therein, and plaintiff testified that he "went down through the floor, through the hole," and defendant testified that after the accident the hole was a little larger, if anything, than before, and was broken in and smoothed off square where it was rough before, the evidence sufficiently supported the allegation that the floor was weak and rotten around the hole, and sufficiently showed that the defective character of the floor was the cause of the accident.

CASE for negligence. Plea, the general issue. Trial by jury at the December Term, 1912, Windsor County, *Waterman*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

It appeared that defendant was the keeper of a livery stable, and that plaintiff was in his employ; that in the basement of the stable there were a number of stalls; that at the time of the accident in question there was, and for some time prior thereto had been, to the knowledge of defendant, a hole in the floor of one of these stalls; that the basement was so dark that this hole could not be seen without artificial light; that the basement was wired and equipped for electric lights, but defendant did not tell plaintiff this, and the basement was so dark that the electric light fixtures could not be readily seen by one who did not know of their existence; that there was a socket for an electric lamp directly behind the stall in question, but no lamp in the socket at the time of the accident. Plaintiff testified that he found and turned on one light before the accident; that he placed his wheelbarrow, stepped into the stall in the floor of which was the hole, "and commenced shovelling, and the first I knew I went down through the floor, through the hole," whereby he sustained the injuries complained of.

*Bert E. Cole* and *Edward R. Buck* for the defendant.

*Davis & Davis* for the plaintiff.

ROWELL, C. J. This is case by a servant against his master for personal injuries sustained by reason of the insufficiency of the floor of a basement stable in which he was working.

The objection to the question put to Dr. Miner, asking whether the plaintiff complained of anything when he manipulated his injury that day, is not available, as no ground of objection was stated.

The defendant objected to the plaintiff's showing the condition of the floor at the time of trial unless he showed that it was then in the condition it was at the time of the accident. Thereupon the plaintiff said he would show that by the defendant himself, and then the witness was allowed to state the condition at the time of trial. Later the plaintiff examined the defendant on that subject, and it does not appear that the de-

fendant made any claim that his testimony did not make good the plaintiff's offer, and so the defendant can take nothing by this objection.

The defendant's motion for a verdict on the ground of contributory negligence was properly overruled, for the testimony was not sufficiently decisive to make that a question of law.

The declaration alleges that the floor "broke and gave way by reason of rottenness and other imperfections therein." The plaintiff testified that he "went down through the floor—through a hole," clear down to his knee; that he tried to jump, and it threw him over onto the manger; that the floor was so rotten he could put his heel through it anywhere around the hole.

The defendant, being called by the plaintiff and asked if there had been any change in the size of the hole when he saw it the day after the accident from what it was when he saw it about a week before the accident, said it was a little larger if anything, more square, was made bigger when it was broken in, and smoothed off square where it was rough before.

· The defendant moved for a verdict because there was no evidence tending to support the allegation of the declaration that the "injury was caused by the weakness and insufficiency of the floor, which broke and gave way with him, all the evidence being that his injury, if any he sustained, was caused by stepping through a hole."

But it cannot be said that there was no evidence tending to support the allegation, for though it appears that there was a hole there before and at the time of the accident, yet the testimony tends to show that the floor was very weak and rotten around the hole, and that some of it gave way and the hole made larger by the accident, without which it cannot be said that the accident would have happened. Nor was the plaintiff obliged to prove all he alleged in this behalf. Thus, in *Hutchinson* v. *Granger*, 13 Vt. 386, which was case for flowing plaintiff's land by means of a dam on defendant's land, the declaration alleged that the defendant wrongfully kept and continued the entire dam, which had before been wrongfully built, and kept the gates and sluices therein so shut and closed that the water of the stream was prevented from flowing through the plaintiff's meadow in its natural channel and caused to set back upon and overflow it. The proof was that in summer time when the water was more than four inches deep on top of the dam, the defendant was

bound by a covenant running with the land to open the sluices so as to lower the water to that height if it could be. But the plaintiff had judgment, it being held that he was not bound to prove the full extent of the wrong alleged, but could recover for any, the least, portion of it that caused him legal injury.

*Affirmed.*