CHARLES C. PATTERSON'S ADMR. *v.* MODERN WOODMEN OF
AMERICA.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed October 11, 1915.

*Mutual Benefit Insurance—Action on Insurance Policy—Evidence—Admissibility—Pleading—General Assumpsit on Policy—Amendment by Count in Covenant—Objection to Amendment—Waiver of Exception—Refusal to Pass to Supreme Court—Causes of Action—Identity—Assumpsit and Covenant—Election of Counts—Conditions of Policy—Burden of Proof and Defences—Beneficiary Causing Death of Insured—Presumption of Innocence—Divorce—Marriage of Libellee in Another State Within Three Years—Effect—Review—Preservation of Exceptions.*

The reasons compelling the rule that an exception to the overruling of a demurrer to a declaration is waived by pleading to the merits and going to trial thereon apply with equal force to an exception to the refusal of a motion to dismiss a count filed in amendment of the declaration; but where both parties have proceeded on the theory that such an exception was not so waived, it is so treated on review.

Where a party is defeated on a preliminary question of law raised in the trial court, he is not prejudiced by the refusal to grant his motion to have the case passed to the Supreme Court on such question, before trial on the merits, for by standing on that issue he can secure a review by this Court.

Under No. 84, Acts 1910, as amended by No. 91, Acts 1912, providing that, when the original declaration consists of the common counts in assumpsit, plaintiff may amend by adding special counts in assumpsit, debt, or covenant for the same cause of action, a declaration in general assumpsit on a life insurance policy, under P. S. 1504, may be amended by adding a count in covenant on the same policy described in the specifications filed under the original declaration.

Where defendant asked and was granted oyer of a written instrument relied upon in the declaration, that instrument thereby became a part of the original declaration, and made the declaration, in respect of that instrument, certain to a certain intent in every particular.

It will be presumed on review, in support of a ruling of the lower court allowing a count in covenant to be filed in amendment of a declaration in general assumpsit, that the court, as it might, established the identity of the cause of action relied on in the original and amended declaration by inquiry outside the record.

The test as to whether a proposed amendment of a declaration in general assumpsit on an insurance policy, under P. S. 1504, is permissible is whether the amendment relies on a matter different from that relied on in the original declaration, or on the same matter more fully or differently laid; if the latter, the amendment is permissible, if the former, it is not, regardless of whether plaintiff can recover under either count.

P. S. 1504, providing for simplified pleadings in actions on insurance policies, does not attempt to alter the substantive rights of the parties, and the provision that the plea of non-assumpsit shall put in issue only the execution of the policy and the amount of damages does not relieve plaintiff from proving everything that he would be required to prove under a special declaration, where defendant puts those matters in issue by his pleas.

Although recovery on an unsealed life insurance policy payable to a beneficiary other than the insured's estate would not be for the benefit of that estate, query whether, nevertheless, the right of action thereon is not in the administrator of that estate.

Where a declaration on a life insurance policy consists of a count in general assumpsit, under P. S. 1504, and a count in covenant which was properly allowed to be filed in amendment, defendant cannot compel plaintiff, before his evidence is closed, to elect on which count he will rely, for the two counts stand the same as if originally joined.

It is doubted whether a motion in arrest of judgment will reach the question of the propriety of allowing a count in covenant to be filed in amendment of a count in general assumpsit.

A count in covenant on a sealed policy of life insurance warrants the admission in evidence of the specialty declared on, although it might not have been admissible under the other count, which was in general assumpsit.

In an action on a policy of life insurance, the report of the medical examination of the insured, which was expressly made a part of the policy, was properly received in evidence.

An exception to the overruling of a general objection to offered evidence reserves no question.

An exception not properly briefed by the exceptor is waived, and the mere assertion that the lower court erred in making a designated ruling against objection and exception presents nothing for review.

Since a divorce obtained in this State dissolves the marriage, although P. S. 3110, which has no extraterritorial force, forbids the libellee to remarry within three years from the date of the decree, unless the libellent dies, the libellee's remarriage in Missouri within that three years, and while her former husband was alive, was not within the Missouri statute, avoiding a marriage between persons either of whom has a former spouse living, unless the former marriage has been dissolved, so as to preclude the libellee's recovery in Vermont on an insurance policy on the second husband's life, the beneficiaries under which are limited to the insured's wife and certain other specified relatives.

A condition in a life insurance policy that it shall be void if the beneficiary causes the death of the insured is a condition subsequent, and so need not be negatived in a declaration on the policy, but that the beneficiary caused the insured's death is a matter of defence to be alleged and proved by the insurer.

In an action on a life insurance policy by the administrator of the insured's estate, where the policy provides that it should be void if the beneficiary caused the death of the insured, which defendant alleged the beneficiary did, defendant has the burden of proving that fact, and thereon plaintiff is entitled to have weighed in his favor, as in the nature of evidence, the presumption of innocence on the part of the beneficiary, although he is not a party to the suit.

It will be presumed on review, in support of a challenged ruling, the contrary not appearing, that the assumption, made by the lower court in its charge to the jury, that a certain physician acted as the agent of defendant at a time in question, was true.

In an action on a life insurance policy, a statement that the insured never had a designated disease, made by the insurer's medical examiner as a part of his report of his examination of the insured, which report is expressly made a part of the policy and warranted

by the insured to be true, is an admission of the insurer, made by its agent, and proper to be given in evidence against the insurer.

Such report is the opinion of such medical examiner as of the time of the examination, notwithstanding it may include statements by the insured by way of history of the case, and though that opinion may have been influenced by the failure of the insured to disclose the truth.

A general exception to the charge as given is available only as to such grounds as are so obvious as not to require specification.

GENERAL ASSUMPSIT with a count in covenant, filed in amendment. Plea, the general issue. Trial by jury at the March Term, 1914, Rutland County, *Miles,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion fully states the case.

*Marvelle C. Webber* for the defendant.

*T. W. Moloney* and *E. H. O'Brien* for the plaintiff.

TAYLOR, J. Charles C. Patterson died intestate April 22, 1912. The plaintiff, his administrator, sues to recover for the benefit of Sarah L. Patterson, intestate's widow, a death benefit of $2,000 under a benefit certificate issued by the defendant to intestate in his lifetime, in which said Sarah L. is named as beneficiary. The original declaration is in assumpsit and charges in substance that the defendant being indebted to the plaintiff as administrator of the estate of Charles C. Patterson in the sum of $2,000 for the benefit of Sarah L. Patterson, the beneficiary named in the policy hereinafter mentioned, by reason of the defendant's having become the insurer of the life of the said Charles C. Patterson by its certain policy of insurance issued to the said Charles C. Patterson in his lifetime and by reason of the death of the said Charles C. while said policy was in full force and effect, then and there in consideration thereof promised the plaintiff as such administrator to pay to the plaintiff for the benefit of Sarah L. Patterson, the beneficiary named in said policy, said sum on demand; yet, though often requested, the defendant has not paid the same nor any part thereof, but neglects and refuses so to do, all of which is to the damage of the plaintiff

as such administrator, for the benefit of Sarah L. Patterson, beneficiary as aforesaid, etc.

The specification annexed to the declaration conforms to the requirements of P. S. 1504 and gives notice that plaintiff will seek to recover in this action "upon a certain policy of insurance issued by the defendant and whereby the defendant insured the life of the said Charles C. Patterson, which said policy of insurance is numbered 1,407,402, and is dated on the 30th day of December, 1911." After reciting in detail the issuance of the original policy bearing the same number on June 3, 1907, and its subsequent surrender accompanied by application for change of beneficiary and the issuance of the policy on which the suit is brought in lieu of the original, the specification continues: "Whereby the defendant promised to pay to the executors or administrators of the said Charles C. Patterson for the benefit of Sarah L. Patterson, said beneficiary named in said policy, the sum of $2,000 upon the decease of the said Charles C. Patterson." Then follows notice of the death of said Patterson and of the item of the policy upon which the claim is made.

At the September Term, 1913, defendant prayed oyer of the instrument and the plaintiff filed the benefit certificate involved in this case, which proved to be a sealed instrument. The plaintiff had leave to file an amended declaration and the cause was continued to the next term of court. Within the time allowed plaintiff filed, as an amendment of the declaration, a special count in covenant upon the instrument. Thereupon defendant moved to dismiss the count in covenant on the ground that it stated a different cause of action from that set out in the original declaration. The motion was heard at the March Term, 1914, and being overruled the defendant excepted. The defendant then moved the court to pass the cause to this Court before trial, which was denied and the defendant excepted. Both exceptions were allowed by the court and ordered to lie. Defendant was given time in which to plead and filed several pleas to the merits. The cause was tried by jury with verdict and judgment for the plaintiff and defendant reserved exceptions.

The first question presented relates to the declaration. The defendant insists that the court erred in overruling its motion to dismiss the count in covenant. Plaintiff makes no question as to whether the order of the court disposing of the exception would avail to preserve the question after the defendant pleaded

and went to trial on the merits. Since the parties treat the question as properly here we have thought best to consider it, though for reasons stated in *Citizens Savings Bank & Trust Co.* v. *Northfield Trust Co.*, 89 Vt. 65, 94 Atl. 302, where a similar question arose on an overruled demurrer, if the question were raised we should be forced to hold that defendant waived the exception by joining issue on the facts and going to trial thereon. The reasons for the rule as to overruled demurrers apply with equal force to motions addressed to the pleadings. Preliminary questions of law are to be disposed of before the trial of issues of fact is brought on. To that end the statute allows the passing of causes to this Court before final judgment. Thus important questions of law arising before issue is joined to the jury may be disposed of before the expense of a trial is incurred. It is pretty safe to say that the trial court will make a wise use of its discretion in this behalf. The defeated party is not made to suffer in any of his substantial rights, if the court denies his motion to pass the cause to this Court before trial; for, if a motion in arrest of judgment or some other appropriate action will not raise the question, he has lost only a technical advantage. Besides he has only to stand by the issue of law that he has thus raised to secure a review here.

The power of the court to permit the amendment challenged by the motion depends upon the construction to be given to No. 91, Acts of 1912. It is provided in one section of that act that counts in assumpsit, debt and covenant for the same cause of action may be joined in the same declaration. The right to join these different forms of actions on contract was conferred by No. 84, Acts of 1910, which this section amends, but the earlier act conferred no express power to amend from one form to another after suit. Provision for this is found in the first section of the later act which reads: "In an action on contract brought to the county court, when the original writ contains a declaration in the common counts only, the court in its discretion * * * may after the plaintiff has filed his specifications, and it appears therefrom that he cannot recover under his original declaration, permit him to add special counts in assumpsit, debt or covenant for the same cause of action shown by his specifications." etc.

Defendant claims that plaintiff could not amend by filing a count in covenant for the same cause of action, because, it says, the original declaration is not "in the common counts only;"

that while it is a count in assumpsit, it is a general count provided by a statute applying to a certain class of cases; in short that the right to amend given by this act is confined to cases in which the declaration contains only the counts previously denominated as common counts. It is possible that the section in question is capable of such a construction, but it is altogether too narrow a view to take of this remedial statute. The amendment allowed is plainly within the spirit if not the letter of the act. P. S. 1504 calls such a count a general count in assumpsit. The original act providing for simplified pleadings in actions on insurance policies made "the general counts in assumpsit" a sufficient declaration. No. 121, Acts of 1896. In construing that statute this Court, held in *Wertheim, Admrx.* v. *Fidelity and Casualty Co.,* 72 Vt. 326, 47 Atl. 1071, that the general counts in assumpsit theretofore existing did not contain a count appropriate to an action on an insurance policy; but said, "there is no question but that under a general count in assumpsit a recovery may be had upon an insurance policy, but it must be a general count declaring upon an insurance policy." In the subsequent revision of the statutes the section was made to conform to this holding by using the language "in a general count in assumpsit." The construction given to the Act of 1896 in *Wertheim* v. *Fidelity and Casualty Co.* required in order to recover thereunder upon an insurance policy, that there should be a common count in the declaration declaring in terms upon the contract. Since that decision the general count on an insurance policy has been commonly regarded as of the same character as the so-called "common counts," and we think it is fairly within the contemplation of the term as used in the statute in question.

Does the amended count declare for the same cause of action? If so, the amendment was properly allowed. The original count was appropriately framed as a general count declaring upon an insurance policy and to it was annexed the specification required by P. S. 1504. But for objections to be noted later it was appropriately framed with reference to the cause of action declared upon in the amended count. See *Wertheim, Admrx.* v. *Fidelity & Casualty Co.,* 72 Vt. 326, 47 Atl. 1071. The specification though referring to it as an insurance policy describes the certificate in question by number and date and contains other descriptive matter which makes certain the identity of the contract therein declared upon with that specially set out in the

amended count of the declaration. If this were not enough, when the defendant asked and was granted oyer, the certificate became part of the original declaration, which makes certain to every intent the identity of the contract upon which both counts are based. See *Morrill's Admrx.* v. *Catholic Order of Foresters,* 79 Vt. 479, 486, 65 Atl. 526; *Storey* v. *Kimball,* 6 Vt. 541. Nor is there any room for doubt as to the identity of causes of action. It is not necessary to presume, as we might in support of the decision, that the trial court inquired outside the record and found the identity (*Davis' Admrx.* v. *Rutland R. R. Co.,* 82 Vt. 24, 71 Atl. 724) for that is evident on the face of the papers. The true test is whether the proposed amendment is a different matter or the same matter more fully or differently laid; if the latter, you can amend; if the former, you cannot. *Davis' Admrx.* v. *Rutland R. R. Co.,* 82 Vt. 24, 71 Atl. 724; *Slayton* v. *Davis and Erwin,* 85 Vt. 87, 81 Atl. 232; *Hill & Smith* v. *Carpenter,* 34 Vt. 535. Defendant says the test is whether the plaintiff adheres to the contract originally declared upon, citing *Daley* v. *Gates,* 65 Vt. 591, 27 Atl. 193; and this is no more nor less than the rule stated by Rowell, C. J., in *Davis' Admrx.* v. *Rutland R. R. Co.* Defendant contends that the test sometimes applied whether the same evidence will support both counts shows that the counts are for different causes of action. The argument is that much more by way of proof is required of the plaintiff under the second count; but such is not the case. The statute providing for simplified pleadings in actions on insurance contracts does not attempt to alter the substantive rights of the parties. The provision that the plea of non-assumpsit shall put in issue only the execution of the policy and the amount of damages does not relieve the plaintiff from the burden of proving everything which he would be required to prove under a special declaration. *Hersey* v. *Northern Assurance Co.,* 75 Vt. 441, 56 Atl. 95. Under the general count in assumpsit it would be optional with the defendant how far it would put the plaintiff to proof and it could have required the same proof in support of the original count that would be required to support the count in covenant. To put in issue any matters as to which the burden was upon the plaintiff, other than the execution of the contract and the amount of damages, it was only necessary to point them out in its pleadings with the result that the plaintiff would be required to make proof thereof as a part of his opening case.

The defendant relies upon *Estabrooks* v. *Insurance Co.*, 74 Vt. 202, 52 Atl. 420; but that case does not support its claim. There the original declaration contained only the usual common counts. The defendant in error (the plaintiff below) was claiming for certain assessments made upon a certain insurance policy held by the plaintiff in error. The contract of insurance provided that certain assessments might be levied upon policy holders to meet the losses and expenses of the company. The plaintiff below filed additional counts declaring specially upon the policy. This court held that inasmuch as the original declaration contained no count applicable to a contract of insurance the special counts upon the policy brought in a new cause of action.. That case is unlike the case at bar in that here the plaintiff declared originally on the insurance contract while there it did not.

The defendant urges, as a conclusive argument that the causes of action are different, that the action as originally brought could be maintained only by the beneficiary, while the action on the benefit certificate, being a sealed instrument, could be maintained only by the administrator. A sufficient answer to this argument is that the question whether both counts attempt to declare on the same cause of action is not dependent upon the plaintiff's being able to recover under both counts. The purpose of the statute permitting amendment from general assumpsit to covenant is to enable a plaintiff whose specification discloses that he cannot recover under his original declaration, to so amend that he can recover, provided only that he seeks to recover for the same cause of action. If, as the defendant contends, the plaintiff's right of action, as distinguished from the cause of action, could have been defeated under the original declaration on the ground that the action should have been prosecuted by the beneficiary in her own name, it does not follow that the amendment should have been denied. The identity of the cause of action would not depend upon the plaintiff's right to maintain the action in his representative capacity. In support of this position defendant cites *Davenport, Admr.* v. *N. E. Mut. Life Asso.*, 47 Vt. 528. All that that case decides is that where the averment of the declaration is that the defendant promised to pay the beneficiaries or their legal representatives, the right of action is in the beneficiaries and not the administrator of the insured. The reason for this result, stated in *Tripp & Bailey* v. *Insurance Co.*, 55 Vt. 100, 106, is that, as on demurrer

pleadings will not be helped out by inferences, no promise to the insured was to be inferred.

In what we have said we do not intend to intimate that the right of action on the original declaration was not in the administrator. That the recovery would not be for the benefit of the estate is all that was suggested in *Modern Woodmen of America* v. *Headle et al.*, 88 Vt. 37, 47, 90 Atl. 893, L. R. A. 1915 A, 580. That the beneficiary cannot recover in covenant on a specialty, held in *Morrill's Admrx.* v. *Catholic Order of Foresters,* 79 Vt. 479, 65 Atl. 526, affirming *Fairchild* v. *Life Association,* 51 Vt. 613, is as far as this Court has gone. This case does not require a further discussion of the question. For additional cases involving the question of the right of action on insurance contracts see *Powers* v. *Fire Insurance Co.,* 69 Vt. 494, 38 Atl. 148, and cases there cited.

Early in the trial defendant moved that the plaintiff be required to elect on which count he relied. The court said in disposing of the motion: "We are inclined not to require at this time that they should elect; possibly we may later, when the evidence is in, require them to elect." The motion was not renewed. The defendant was not entitled to an election, at least while the plaintiff was putting in his evidence. In the exercise of its discretion the court had permitted the two forms of action to be joined. Being for the same cause of action, they stood as though joined in the original declaration and the defendant had no legal ground of complaint. Much of its argument here might be pertinent if addressed to the Legislature, but it does not support the claim that the court erred in denying the motion. Defendant complains that it was prejudiced because the burden of proof and the rules as to the admissibility of evidence were not the same under the counts. As we have seen the burden of proof was the same as to both counts. If the rules as to the admission of evidence were different—in what way has not been pointed out and is not evident—it is a matter for the Legislature and not for the courts. It is evident that defendant was not embarrassed, as the trial, of necessity, had to proceed under the count in covenant, the contract being under seal.

Before judgment the defendant moved in arrest. The ground of the motion is the same as that of the motion to dismiss the additional count in covenant and the disposition of the latter motion controls the results as to the former. While mis-

joinder of counts may be reached by a motion in arrest (*Rowley* v. *Shepardson,* 83 Vt. 167, 74 Atl. 1002, 138 Am. St. Rep. 1078) this is not a real case of misjoinder, as the statute now permits the joining in the original declaration of counts in assumpsit and covenant for the same cause of action. The precise question is whether the motion in arrest reaches the question of the propriety of allowing amendment from general assumpsit to covenant which, as we have seen, depends upon whether the amended count is for the same cause of action. There is room for doubt whether a motion in arrest will reach this question. *White's Admrx.* v. *C. V. R. R. Co.,* 87 Vt. 330, 338, 89 Atl. 618; *LeStrange* v. *State,* 58 Md. 26; *Hatfield* v. *Cummings,* 152 Ind. 537, 53 N. E. 761; 23 Cyc. 829.

The benefit certificate was received in evidence against defendant's objection that it was inadmissible under the first count. It is enough to say that the second count afforded a sufficient basis for its admission.

Plaintiff offered the report made to the defendant by the camp physician of the camp to which intestate had made application for membership giving the result of his examination of intestate. As to this evidence the record states: "This was objected to, received and exception by defendant. No other objection nor ground of exception appears by the record to have been made." There are numerous reasons why this exception cannot be sustained. The report of the medical examiners, which this paper was, is expressly made a part of the contract; no ground of objection was stated; defendant has waived the exception by failing to brief it properly. We have repeatedly held that the mere assertion that the court erred in a certain ruling presents nothing for review. The statement that the question can be better discussed in connection with another exception, when no reference is there made to the question, does not save it.

Defendant claims that by the by-laws of the society, which are referred to and made part of the contract, the benefits under the certificate could be made payable only to members of the family; wife, children, heirs, blood relations, or persons dependent upon the member; that Sarah L. Patterson had been previously married and that her former husband had procured a divorce from her in this State; that she had been remarried to intestate at St. Louis, Missouri, within three years after the

date of the divorce; that her marriage to intestate was therefore invalid; and that by reason thereof she was not entitled to be a beneficiary under the certificate. It appeared that Mrs. Patterson's former husband was living at the time of her marriage to intestate. As tending to support its claim, defendant offered a certain section of the statutes of Missouri which provides: "All marriages where either of the parties has a former wife or husband living shall be void unless the former marriage shall have been dissolved." The statute was objected to "in this form and as immaterial" and was excluded. This was not error. For anything that appears the defendant may have waived the by-laws providing who might become beneficiaries; but we are not compelled to rest the question there, for the offered statute had no tendency to show that Mrs. Patterson was not the lawful wife of intestate, but rather the contrary. Assuming that the other facts appeared, the prior divorce in this State dissolved the former marriage. As under the Missouri statute the marriage there was not void if the former marriage had been dissolved, it had no application here. The subsequent marriage would have been void, if solemnized in this State, by virtue of P. S. 3110, prohibiting the remarriage of the libellee to a person other than the libellant within three years from the time divorce is granted unless the libellant dies. *State* v. *Sartwell,* 81 Vt. 22, 69 Atl. 151, 130 Am. St. Rep. 1017; *Ovitt* v. *Smith,* 68 Vt. 35, 33 Atl. 769, 35 L. R. A. 223. But our statute as framed has no extraterritorial force. *State* v. *Richardson,* 72 Vt. 49, 47 Atl. 103; *State* v. *Shattuck,* 69 Vt. 403, 38 Atl. 81, 40 L. R. A. 428, 60 Am. St. Rep. 936. It provides in terms that when a marriage is dissolved by divorce the parties shall be deemed single and may lawfully marry again, under a restriction that is without force outside the state in the absence of a statute of the jurisdiction where the subsequent marriage is performed which is restrictive in this behalf. The offered statute shows no such restriction as the defendant claims and so was properly excluded as immaterial. Though the question as to the form of proof is discussed, we do not need to consider it.

Defendant claimed that the burden was on the plaintiff to prove that the intestate did not die at the hands of the beneficiary, and the court so charged. On the question whether intestate met his death at the hands of the beneficiary the court charged that the presumption of innocence on the part of the

beneficiary was a piece of evidence which the jury could consider in determining that question. In effect, the jury were told that they were to weigh the presumption of innocence together with all the evidence bearing upon the question and say whether plaintiff had made out the issue that the intestate did not meet his death at the hands of the beneficiary. Defendant claimed on the trial that there was evidence tending to show that the beneficiary caused intestate's death but does not insist upon that claim in its brief.

The contract provides that "all the conditions contained in this certificate * * * shall be fully complied with," and further that "this benefit certificate is issued and accepted upon the following express warranties, conditions and agreements." Among the, conditions recited is one to the effect that the certificate shall be void if the member's death shall occur by the hands of his beneficiary or beneficiaries, sane or insane, except by accident. This condition was not a condition precedent to the defendant's promise and does not touch the plaintiff's right of recovery. It was collateral to the defendant's promise, being a condition subsequent, or as said in *Mosley* v. *Insurance Co.,* 55 Vt. 142, 147, a condition of forfeiture inserted for the benefit and protection of the insurer, and need not have been alleged in the declaration. *Schofield's Admr.* v. *Insurance Co.,* 79 Vt. 161, 64 Atl. 1107, 8 Ann. Cas. 1152; *Poole* v. *Mut. Acci. Asso.,* 75 Vt. 85, 53 Atl. 331; *Wilson* v. *Insurance Co.,* 75 Vt. 320, 55 Atl. 662; *Hersey* v. *Northern Assurance Co.,* 75 Vt. 441, 56 Atl. 95; *Billings* v. *Insurance Co.,* 70 Vt. 477, 41 Atl. 516; *Guiltinan* v. *Insurance Co.,* 69 Vt. 469, 38 Atl. 315; *Farrell* v. *Insurance Co.,* 68 Vt. 136, 34 Atl. 478; *Powers* v. *Insurance Co.,* 68 Vt. 390, 35 Atl. 331; *Coolidge* v. *Insurance Co.,* 67 Vt. 14, 30 Atl. 798; *Walcott* v. *Insurance Co.,* 64 Vt. 221, 24 Atl. 992, 33 Am. St. Rep. 923; *Mosley* v. *Insurance Co.,* 55 Vt. 142; *Tripp & Bailey* v. *Insurance Co.,* 55 Vt. 100. To entitle plaintiff to recover it was no more necessary for him to prove that the intestate did not die at the hands of the beneficiary than it was in the case last cited for the plaintiffs to prove that the insured did not die in a duel, or while employed on a railroad, or while engaged in any of the various hazardous employments specified in the conditions of the policy there in question. It is a matter of defence to be alleged and proved by the defendant. It would seem that

it was so regarded by the defendant at the time of pleading, as it filed special pleas to the count in covenant raising the question.

Though criticising, the defendant recognizes the rule now well settled in this State that the presumption of innocence is to be weighed as evidence; but it contends that this Court has not gone so far as to hold, where the burden is on a party to establish the fact that one did not meet his death at the hands of another, that the presumption discharges the burden. The argument is that, if such was the effect of the presumption, it would transfer the burden of proof to the other party. We do not reach this question. The defendant by its pleas asserted that intestate met his death at the hands of the beneficiary. It assumed the burden of establishing this fact as a matter of defence. On that issue there can be no doubt that the presumption of the beneficiary's innocence was, under our rule, to be weighed as evidence against the defendant. On its request the court charged more favorably than defendant was entitled to and it has no reason to complain of the charge as given. The fact that the beneficiary is not a party of record does not affect the result. She is the party in interest and the one charged with a crime, which, if proved, would defeat the plaintiff's recovery. This entitles him to the benefit of the presumption.

In his application for membership plaintiff's intestate stated that he had never had syphilis. In one of its special pleas defendant alleged that at the time of making application intestate had the disease known as syphilis, and this was one of the litigated questions at the trial. On this issue defendant requested the court to charge the jury as follows: "On the question whether said Patterson had syphilis at the time of the application, the report of the camp physician attached to the application is not evidence that can be considered by you in determining that question." The court refused to charge as requested and charged upon that subject, after reciting the request, in the following language: "We charge you in reference to that, that it having been made by an agent, as we remember it, of the defendant, that it may be used as evidence, the weight of which is to be judged by you, as bearing upon the question whether if Charles C. Patterson had syphilis at the time of the examination, he would have discovered it—the probability in the light of the testimony of the experts, whether the agent would likely have discovered it—but the weight of it is for you and that is

the only use to which you can put it.'' To the refusal of the court to charge as requested and to the charge as given the defendant excepted.

It will be presumed in support of the ruling, the contrary not appearing, that, as the court assumed, the camp physician in making the examination and report was acting as agent of the defendant. Among the warranties, conditions and agreements upon which the certificate was issued and accepted was the following: ''The application for beneficial membership in the society made by the said member, a copy of which is hereto attached and made a part hereof, together with the report of the medical examiner, which is on file in the office of the head clerk and is hereby referred to and made a part of this contract, is true in all respects, and that the literal truth of such application, and each and every part thereof, shall be held to be a strict warranty and to form the only basis of the liability of this society to such member and to his beneficiary or beneficiaries, the same as if fully set forth in this benefit certificate.'' It will be observed that the report in question is expressly made a part of the contract. The only statement in the report material to the question before us is contained in the following question and answer:

''Question. Has he or has he had stricture or venereal disease? Answer. No.''

Here we have a report by the defendant's medical examiner, referred to and made part of the contract, vouched for as true by the applicant, and as to which defendant claims that its statements are to be taken as strict warranties by the intestate. Could any use of it be made as evidence to the jury on the issue in question? The statement quoted above was made by the camp physician as agent of the defendant in the course of his employment and during the execution of his agency and is clearly in the nature of an admission, proper to be shown in evidence against the principal. *Brink & Co.* v. *Insurance Co.*, 49 Vt. 442, 459; cases digested in 1 Vt. Dig. c. 2878-2882.

Defendant argues that, as much that appears in such reports is obtained from statements by the applicant, the use of the report as evidence permits statements made out of court to be used as evidence of the fact. Granting that the examination may include statements by the applicant by way of history of the case, the report is none the less the opinion of the examiner as

to the health of the applicant at the time of examination, though it may have been influenced by the failure of the applicant to disclose the truth. The objection goes to the weight and not the admissibility of the evidence. Its force would be affected by what the jury thought in the light of the evidence, of the probability that the camp physician would be able to determine by the physicial examination whether the applicant had ever contracted the disease. Defendant's other objections to the ruling do not merit special notice.

From what we have said it is evident that the defendant was not entitled to the charge requested. The exception to the charge as given is general and does not point out the ground of objection. This being so, the exception is available only as to such grounds as are so obvious as not to require statement. *Jewell* v. *H. T. & W. R. R. Co.*, 85 Vt. 64, 81 Atl. 238; *State* v. *Comstock*, 86 Vt. 42, 83 Atl. 539; *Paige* v. *McCarty*, 86 Vt. 127, 83 Atl. 659. It is probable and will be presumed that the exception was saved in aid of the exception to the refusal of its request to charge, and not for some special reason not disclosed. We do not consider whether the charge as given was strictly in accordance with the views herein expressed, as we regard the exception too general to afford the basis of any objection that could now be suggested.

We have considered all the exceptions briefed by the defendant and find none that should be sustained.

*Judgment affirmed.*